[No. 13137–1–I.   Division One.   July 19, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. DOUGLAS HAROLD HARTWELL, *Appellant.*

*Ronald R. Piper,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Robert A. Weppner III, Deputy,* for respondent.

RINGOLD, J.—Douglas Harold Hartwell appeals the restitution order entered after he pleaded guilty to leaving the scene of an accident. We find that the restitution ordered is not sufficiently related to the crime charged to satisfy the requirements of RCW 9.94A.140 and 9.95.210, and reverse the trial court order.

Hartwell was involved in an accident which caused serious injuries to three people. He left the scene of the accident without stopping to render aid or leave the information required by statute. Shortly afterward he was arrested at home and charged with violation of RCW 46.52.020, a felony. Hartwell pleaded guilty to the charge on October 6, 1982, and was given a 5–year suspended sentence conditioned on continued counseling, license revocation, payment of costs and attorney fees, and restitution in an amount to be determined at a later hearing. The amount of restitution was set at a hearing held on April 4, 1983.

We consider two issues raised on appeal by Hartwell: whether RCW 9.94A.140 allows entry of restitution orders more than 60 days after sentencing; and whether the injuries for which restitution was ordered are sufficiently related to the crime to meet the statutory requirements.

## 60–DAY LIMITATION

RCW 9.94A.140 provides in part:

> If restitution is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within sixty days and may set the terms and conditions under which the defendant shall make restitution. . . . For the purposes of this section, the offender shall remain under the court's jurisdiction for a maximum term of ten years subsequent to the imposition of sentence. The portion of the sentence concerning restitution may be modified as to amount, terms and conditions during the ten–year period . . .

Hartwell argues that under this statute, the court lacks jurisdiction to enter a restitution order later than 60 days after sentencing. The State contends Hartwell did not challenge the trial court's determination at the sentencing hearing that the restitution hearing should be held within the next year, and may not, therefore, raise the issue on appeal. The State also argues that the language "shall determine" is permissive, not mandatory.

Determining whether the time limit is mandatory or permissive requires construction of the word "shall" as used in the statute. *See State v. Sargent,* 36 Wn. App. 463, 467, 674 P.2d 1268 (1984). In *Niichel v. Lancaster,* 97 Wn.2d 620, 647 P.2d 1021 (1982), the court construed "shall" as used in RCW 84.40.045, which provides that the assessor shall give notice of changes in property value within 30 days of the reassessment. The court found the provision to be directory rather than mandatory, citing 1A C. Sands, *Statutory Construction* § 25.03, at 298–99 (4th ed. 1972):

> The important distinction between directory and mandatory statutes is that the violation of the former is attended with no consequences, while the failure to comply with the requirements of the latter either invalidates purported transactions or subjects the noncomplier to affirmative legal liabilities.
> This distinction grows out of the fundamental difference in the intention of the legislature in enacting the two statutes. Although directory provisions are not intended by the legislature to be disregarded, yet the seriousness of noncompliance is not considered so great that liability automatically attaches for failure to comply. . . . [I]f the statute is merely a guide for the

conduct of business and for orderly procedure rather than a limitation of power, it will be construed as directory only.

. . .

. . .

The directory character of a statute may likewise be indicated by the purpose of a statute and the manner in which its purpose is expressed. Thus it was said: "Where words are affirmative, and relate to the manner in which the power or jurisdiction vested in a public officer or body is to be exercised, and not to the limits of the power or jurisdiction itself, they may and often have been construed as directory . . .

*Niichel,* at 623–24.

■ Here, as in *Niichel,* the statute "prescribes the procedure to be followed" without purporting to limit the power of the court to require restitution. The words are affirmative and relate to the manner in which the power is to be exercised. In *Niichel,* the court found that "The specified times for performance are not essential to the purpose of the statute." *Niichel,* at 624. Similarly, here, the time limit for performance is not essential to the purpose of the restitution statute. Restitution is intended to make the defendant aware of, and responsible for, his or her actions. *State v. Barr,* 99 Wn.2d 75, 658 P.2d 1247 (1983). This purpose is not thwarted by failure to comply with the 60–day limit, especially here, where all the parties agreed at sentencing that the imposition of restitution would be deferred. The language of the statute is directory, not mandatory, and a restitution order imposed more than 60 days after sentencing is not void.

## CAUSAL RELATIONSHIP

We next consider whether there is a sufficient relationship between the crime as charged and the injuries for which restitution is ordered to support the restitution order. Relying on *State v. Eilts,* 94 Wn.2d 489, 617 P.2d 993 (1980), Hartwell contends restitution may be ordered only for the specific crime or crimes of which a defendant is charged and convicted. RCW 9.95.210. He argues that leav-

ing the scene of an accident, the crime charged, is independent of any fault or liability for causing the accident, *State v. Lutman*, 26 Wn. App. 766, 768, 614 P.2d 224 (1980), and did not cause the injuries for which restitution was ordered.

The State argues that Hartwell is not being required to pay for the results of uncharged crimes or for unrelated damages as occurred in the cases on which he relies, but to pay only for losses incurred as a result of the hit and run incident. The State urges that the restitution statutes are to be liberally interpreted and that the loss does not have to be related directly to a specific element of the crime. The State further argues that the crime of hit and run is reasonably related to the restitution because Hartwell had a blood alcohol level of .15, did not deny causing the accident, and fled from the scene.

RCW 9.94A.140 provides in part: "(2) Restitution may be ordered whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property." RCW 9.95.210 states that the court may suspend a sentence and

> require the defendant to make such monetary payments, on such terms as it deems appropriate under the circumstances, as are necessary . . . (2) to make restitution to any person or persons who may have suffered loss or damage by reason of the commission of the crime in question . . .

In *Eilts*, the Supreme Court interpreted the language "commission of the crime in question" as limiting restitution to victims of crimes charged and proven at trial. The *Eilts* court, however, did not deal specifically with the question presented here: the sufficiency of the causal relationship between the crime charged and proven and the victims' damages.

This issue was addressed in *State v. Bedker*, 35 Wn. App. 490, 667 P.2d 1113 (1983), where this court held that failure to obtain a contractor's bond, violating the penal section of the contractors' registration act, was sufficiently related to the damages of "terrible construction work" to support a

restitution order. The court rejected the defendant's argument that the damages were not a consequence of the defendant's failure to register as a contractor, emphasizing that the decision turned on the facts of the particular case interpreted in light of the legislative purpose behind the contractors' registration act. The act was intended to protect the public from irresponsible or incompetent contractors. The court reasoned that the victim was "victimized by an unregistered, unbonded contractor, the precise event which was the basis for the charge . . ." *Bedker,* at 493. The causal relationship was therefore sufficient to support the restitution order.

There is little legislative history available on the "hit and run" statute. The apparent intent, however, is to provide assistance for injured persons as soon as possible, and to prevent people from avoiding liability for their acts by leaving the scene without identifying themselves. The offense does not require that the defendant cause the injury. The elements of RCW 46.52.020(3) are (1) a death or injury to a person and (2) failure of the driver of a vehicle involved in the accident to stop the car and return to the scene. *State ex rel. Fitch v. Roxbury Dist. Court,* 29 Wn. App. 591, 593, 629 P.2d 1341 (1981).

The victims' injuries here, unlike the damages in *Bedker,* were not *caused* by "the precise event that is the basis for the charge." The injuries occurred in the accident which happened before Hartwell committed the offense with which he was charged: leaving the scene of the accident. Had Hartwell stayed at the scene, thereby not committing the offense, the injuries presumably would have been the same. The statute specifically states that restitution may be ordered for "persons who may have suffered loss or damage by reason of the commission of the crime in question . . ." RCW 9.95.210. The losses here were not suffered by "reason of the crime in question."

The State's argument that Hartwell is liable for the accident is not sufficient to support the restitution order. Had Hartwell been charged with negligent driving or driving

while intoxicated, restitution may well have been appropriate. However, the driver's fault in causing the accident is independent of the charge of hit and run. *State v. Lutman, supra. Eilts* limits restitution to victims of crimes charged and proven at trial. *See also State v. Mark,* 36 Wn. App. 428, 675 P.2d 1250 (1984). Restitution may not be based on acts connected with the crime charged, when those acts are not part of the charge. Restitution should not have been ordered because the causal relationship does not meet the statutory requirements.

Our disposition of this issue makes it unnecessary to consider Hartwell's final argument, that the court erred in requiring him to pay "forthwith" the proceeds of a malpractice settlement. The restitution order is reversed.

SWANSON and CALLOW, JJ., concur.

Reconsideration denied September 14, 1984.