[No. 14162-7-I.   Division One.   June 10, 1985.]

THE STATE OF WASHINGTON, *Respondent*, v. AARON
ASHLEY, *Appellant*.

*Raymond H. Thoenig* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Joanne G. Comins, Deputy,* for respondent.

GROSSE, J.—Aaron Ashley appeals from a restitution order entered after he was found guilty of second degree assault. We find that the restitution ordered is not for injury or loss sustained as a result of the crime committed as defined by RCW 13.40.190, and reverse the trial court.

Evidence was introduced at trial that on the night in question the victim was assaulted by several juveniles, including Ashley, while riding his moped. That assault resulted in injury and loss to the victim. The victim fled home and related the incident to his friends. Shortly thereafter, the victim and his friends went searching for the perpetrators. During their search, they came upon someone driving the moped and chased him. They had managed to restrain the driver when Ashley came upon the scene. Upon observing his friend surrounded by people, Ashley pulled a knife. The police arrived and took Ashley into custody. It is the incident of pulling the knife for which Ashley was charged and subsequently convicted.

On November 14, 1983, a hearing was held wherein the court ordered Ashley to pay restitution for the injuries sustained by the victim in the first assault because of the close proximity in time and place of the two assaults.

RCW 13.40.190(1) provides in pertinent part:

> [T]he court shall require the respondent to make restitution to any persons who have suffered loss or damage as a result of the offense committed by the respondent.

The issue thus presented is whether RCW 13.40.190 limits the scope of restitution to the precise offense charged. We hold that it does. This issue was addressed in *State v. Mark,* 36 Wn. App. 428, 675 P.2d 1250 (1984), where this court held that restitution was limited to the crimes charged and proven at trial. In *Mark,* the defendant was charged and convicted of grand larceny for a 13–month period. Evidence was introduced that such larceny had occurred over a 3–year period. Under RCW 9.95.210, the trial court awarded restitution for the entire 3–year period. RCW 9.95.210 allows the court to impose restitution "to any person . . . who may have suffered loss or damage by

reason of the commission of the crime in question . . ." In remanding the case to limit restitution to the specific 13–month period, the court held "[t]he Legislature did not, in amending the statute, require restitution to the same victim beyond 'the crime in question' or for uncharged offenses." *Mark,* at 433.

The similarity in wording of the statutes makes it clear that the *Mark* case is controlling. The Juvenile Justice Act of 1977 utilized the words "as a result of the offense committed" while RCW 9.95.210 employs the words "by reason of the commission of the crime in question".

As in *State v. Mark, supra,* the question at issue is whether the trial court had sufficient discretion to order restitution for damages arising from the general criminal scheme for which Ashley was convicted. Although the second assault may have been a direct result of the first assault, Ashley was only charged with the second assault; and as such, restitution, if any, is limited to that offense. Since there was no injury or loss as a result of the crime for which Ashley was charged and convicted, there can be no restitution.

The trial court is reversed with regard to the order of restitution.

CORBETT, C.J., and COLEMAN, J., concur.