[No. 20305–3–I.   Division One.   August 15, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. CRYSTAL
STEWARD, *Appellant.*

*Julie A. Kesler* and *Eric Nielsen* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney, Greg Hubbard, Deputy,* and *Peter Goldman, Special Deputy,* for respondent.

WEBSTER, J.—Crystal R. Steward, a juvenile, appeals the trial court's order imposing restitution for items stolen from a car. We affirm.

FACTS

In September of 1985, Steward accompanied Terry Wells and his friend, Jerry Smith, as they drove to work in a 1974 Cadillac Coupe De Ville. The car belonged to Wells' mother. Steward remained in the car while Wells and Smith worked through the morning. They returned to the car for lunch at approximately 11 a.m. where the three had lunch together. Wells and Smith then went back to work leaving Steward with the car and the car keys. At approximately 3 p.m., Wells and Smith got off work and discovered that Steward and the car were gone. They immediately reported the missing car to the police.

Steward's mother called Wells approximately 2 weeks later and told him that the car was parked at the Java Jive in Tacoma, Washington. When Wells found the car, it had been partially stripped and his fishing gear had been taken from the trunk.

In its findings of fact, the court stated:

6. On October 17, 1985, respondent gave a written statement to Seattle Police Detective P. Timm admitting that she took the car without permission, drove it to Tacoma, got a flat, and left the car in Tacoma with a key in the ignition. In her statement, respondent said, "I did not damage the car or take anything from it."

. . .

9. Respondent was not charged with any theft in connection with taking of the motor vehicle.

Steward was convicted of taking a motor vehicle without permission, RCW 9A.56.070. At a restitution hearing, she was ordered to pay $1,050 for the following items: five tires, four hubcaps, one bumper jack, and fishing gear. In its conclusions of law, the court stated the following:

3. Respondent must pay restitution for all of the above property because, when respondent unlawfully took the car from Seattle and left it disabled in Tacoma with the

keys in the ignition, even if she had not taken or directed the taking of such contents, it was foreseeable and likely to a reasonable person that the car would be subject to stripping and theft of the contents of the car. Accordingly, under RCW 13.40.190(1) and *State v. Hartwell,* 38 Wn. App. 135, 684 P.2d 778 (1984), there was a causal connection between respondent's act of unlawfully taking the car and the damage which the car sustained.

Payment of restitution has been stayed pending the outcome of this appeal.

## DISCUSSION

Steward maintains that the restitution ordered is unrelated to the damage incurred as a result of her conviction for taking a motor vehicle without the owner's permission.[1] The juvenile restitution statute provides that restitution must be made "to any persons who have suffered loss or damage as a result of the offense committed by the respondent." RCW 13.40.190(1).[2]

■ Under RCW 13.40.190, the scope of restitution is limited to the losses resulting from the precise offense charged. *State v. Ashley,* 40 Wn. App. 877, 878, 700 P.2d 1207 (1985). In *Ashley,* the defendant assaulted the victim twice in one evening but was only charged with and convicted of the second assault. The court held that although the second assault may have directly resulted from the first

---

[1] RCW 9A.56.070(1) provides in part: "Every person who shall without the permission of the owner or person entitled to the possession thereof intentionally take or drive away any automobile or motor vehicle, . . . the property of another, shall be deemed guilty of a felony".

[2] The analogous restitution statute for adults is RCW 9.95.210. It provides that restitution may be made to "any person or persons who may have suffered loss or damage by reason of the commission of the crime in question". Restitution may only be ordered for losses incurred as a result of the crimes charged, not for the general scheme for which the defendant is convicted. *State v. Eilts,* 94 Wn.2d 489, 493, 617 P.2d 993 (1980); *State v. Raleigh,* 50 Wn. App. 248, 252, 748 P.2d 267, *review denied,* 110 Wn.2d 1017 (1988); *State v. Tindal,* 50 Wn. App. 401, 403, 748 P.2d 695 (1988); *State v. Berman,* 50 Wn. App. 125, 131, 747 P.2d 492 (1987), *review denied,* 110 Wn.2d 1019 (1988); *State v. Hartwell,* 38 Wn. App. 135, 140–41, 684 P.2d 778 (1984); *State v. Mark,* 36 Wn. App. 428, 431, 675 P.2d 1250 (1984).

assault, Ashley was only charged with the second offense; hence, restitution was limited to that offense. *Ashley,* at 879. The trial court lacked discretion to impose restitution pursuant to RCW 13.40.190 for damages arising from the general scheme for which Ashley was convicted. *Ashley,* at 879.

In the case at hand, Steward took a motor vehicle without the permission of the owner and then abandoned the car in a parking lot with the keys in the ignition. The theft occurred as a result of the offense for which Steward was convicted. Thus, the trial court did not err in ordering restitution for the damage sustained as a result of that offense. We affirm.

SWANSON and WINSOR, JJ., concur.