[No. 21748-8-I. Division One. April 24, 1989.]

THE STATE OF WASHINGTON, *Respondent*, v. HARLAND BROCK BARRETT, *Appellant*.

*Julie A. Kesler* and *Anna–Mari Sarkanen* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *James M. Cline, Deputy,* for respondent.

FORREST, J.—Harland Barrett, a juvenile, pleaded guilty to the charge of taking a motor vehicle without permission in violation of RCW 9A.56.070. He appeals from the trial court's restitution order requiring him to pay $2,749. The sole issue for determination is whether there was a sufficient causal link between the crime committed by the appellant and the property damage to justify the restitution. We affirm.

RCW 9A.56.070(1), which prohibits taking a motor vehicle without permission, states:

> [E]very person voluntarily riding in or upon said automobile or motor vehicle with knowledge of the fact that the same was unlawfully taken shall be equally guilty with the person taking or driving said automobile or motor vehicle and shall be deemed guilty of taking a motor vehicle without permission.

A passenger voluntarily riding in an unlawfully taken vehicle, as Barrett was, violates the statute as fully as the driver. RCW 13.40.190(1), relating to restitution by juveniles, requires the respondent "to make restitution to any persons who have suffered loss or damage as a result of the offense committed by the respondent" and makes all participants in the crime "jointly and severally responsible for the payment of restitution." Restitution statutes are to be liberally construed.[1]

■ The damage to the car occurred while Barrett was a passenger. But for the unlawful taking, the damage would not have occurred. In *State v. Steward,* 52 Wn. App. 413, 760 P.2d 939 (1988), the court imposed restitution for damage which occurred after the defendant had abandoned the vehicle she had taken without permission. The causal connection between the crime charged and the damage incurred is even stronger in the instant case. We find the nexus between the crime charged and the victim's loss is sufficient to impose restitution.

---

[1] *State v. Vinyard,* 50 Wn. App. 888, 895, 751 P.2d 339 (1988).

Affirmed.

WEBSTER and PEKELIS, JJ., concur.