[No. 22731–9–I.   Division One.   December 11, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. RICHARD HARRINGTON, JR., *Appellant.*

*Eric Broman* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Michael Shaw, Deputy,* for respondent.

PEKELIS, J.—Richard Harrington appeals that portion of the trial court's sentence which ordered him to pay restitution. Harrington contends that the trial court erred by ordering him to pay for: (1) damages that were not caused by the crime charged and (2) repair for the cost of a car that exceeds the car's fair market value.[1]

Harrington, a juvenile, was charged in Thurston County with possession of stolen property in the second degree. In pleading guilty to the charge, Harrington admitted that he stole the victim's car on February 1 and was arrested on February 13, shortly after the victim confronted him. Harrington also admitted he drove the car into a ditch and abandoned it.

After he pleaded guilty, Harrington's case was transferred to King County for sentencing. A restitution hearing was held at the State's request.

---

[1] At oral argument counsel for Harrington conceded that a third assignment of error based on the court's ordering payment for a loss that had not yet been incurred by the victim has been decided against Harrington by this court's opinion in *State v. Horner,* 53 Wn. App. 806, 770 P.2d 1056 (1989).

Several witnesses, including the victim and Harrington testified about the condition of the car before and after it was stolen. Evidence documenting the estimated cost of repairing the car was also presented.[2] While Harrington denied he did any damage to the victim's car, he testified that he was in sole possession of the car from the moment he stole it until he drove the car off the road.

Defense counsel argued below that the trial court had no authority to order Harrington to pay restitution for the damage to the car because the acts causing this damage constituted crimes, such as malicious mischief, with which Harrington was not charged. In addition, defense counsel disputed approximately $280 of the amount claimed for repairs.

The court found that the victim's car was damaged between February 1 and February 13, 1988, and that the damages amounted to $3,411.22. The court concluded that Harrington was responsible for these damages since he took the car and had it in his continuous possession until it was recovered on February 13. Based on the foregoing findings, the court ordered Harrington to pay restitution in the full amount.

Harrington appeals, contending that the trial court erred in ordering him to pay restitution to the victim because he pleaded guilty only to a possessory crime which in itself could not be the *cause* of the damage to the victim's car. The damage to the victim's car, Harrington argues, was the sole result of acts which constitute other uncharged crimes such as malicious mischief or negligent driving.

---

[2]The victim testified that she purchased her car in 1978 for $2,480.90. She submitted to the court estimates to repair the car which totaled over $3,411.22: $2,377.98 to repair and repaint the car's exterior which had been spray–painted black during the time it was missing; $432.40 to replace the head liner and carpets; $174.53 for hubcaps, trim rings, and sun visors; and $318.98 to replace headers and realign the exhaust system. She also presented a receipt for $107.41 documenting the cost of towing her car and repairing the tie rod sleeve.

RCW 13.40.190(1) of the Juvenile Justice Act of 1977 provides:

> In its dispositional order, the court shall require the respondent to make restitution to any persons who have suffered loss or damage *as a result of the offense committed by the respondent.*

(Italics ours.) A trial court's discretion in awarding restitution is limited to the precise offense charged. *State v. Ashley,* 40 Wn. App. 877, 878–79, 700 P.2d 1207 (1985) (citing *State v. Mark,* 36 Wn. App. 428, 675 P.2d 1250 (1984)). "Restitution may not be based on acts connected with the crime charged, when those acts are not part of the charge." *State v. Hartwell,* 38 Wn. App. 135, 141, 684 P.2d 778 (1984).

However, a trial court may order restitution if the victim's damage was a foreseeable consequence of the defendant's criminal acts. *State v. Steward,* 52 Wn. App. 413, 416, 760 P.2d 939 (1988). In *Steward,* a juvenile defendant was convicted of taking a motor vehicle without permission. The defendant admitted she had taken the car and abandoned it in a parking lot with the keys in the ignition, but denied she had damaged the car or stolen any of the contents. *Steward,* 52 Wn. App. at 414. Without finding that the defendant actually took the items missing from the car, the trial court ordered her to pay restitution because "it was foreseeable and likely to a reasonable person that the car would be subject to stripping and theft of the contents of the car." *Steward,* 52 Wn. App. at 415. The appellate court affirmed the order of restitution, holding that the "theft occurred as a result of the offense for which Steward was convicted." *Steward,* 52 Wn. App. at 416. *See also State v. Rogers,* 30 Wn. App. 653, 656, 638 P.2d 89 (1981) (court upheld a restitution order for the value of a vehicle which was never recovered where the defendant was convicted only of possession of stolen property). Compare, *Hartwell,* 38 Wn. App. at 140 (court held an insufficient

causal connection existed between the crime charged and the damage where the defendant, who entered a plea of guilty to leaving the scene of an accident, was ordered to pay damages for injuries the victim received prior to the defendant's commission of the offense with which he was charged).

Here, Harrington admitted illegal possession of the vehicle for the entire 13–day period during which the victim was out of possession. It is undisputed that the damage to the car occurred during that time.[3] Moreover, damage to the car was a foreseeable result of Harrington's illegal possession of the car. This evidence establishes the link between Harrington's conduct and the damage. Thus, there is sufficient evidence that but for defendant's illegal act, the victim's property would not have been in a position to sustain the damage it did.

■ Harrington seems to argue, however, that restitution cannot be ordered where the conduct which directly caused the injury can be characterized as another crime with which the defendant has not been charged. Such an argument is without merit. The fact that the damage was the immediate result of specific acts which might constitute an "uncharged crime" cannot be used to legally excuse Harrington. The trial court's finding that Harrington's possession of the stolen property was causally related to the victim's loss is a legally and factually sufficient basis for the restitution order.

■ Harrington also contends, for the first time on appeal, that the trial court erred in ordering him to pay for repairs to the victim's car because the amount of restitution

---

[3]Harrington's argument that the evidence did not establish that the damage to the victim's car occurred on February 13, 1988, the charging period designated in the information, is without merit. Unlike the defendants in *State v. Raleigh*, 50 Wn. App. 248, 748 P.2d 267, *review denied*, 110 Wn.2d 1017 (1988) and *State v. Mark*, 36 Wn. App. 428, 675 P.2d 1250 (1984), cases Harrington cites in support of his argument, Harrington was charged with only one criminal act: possession of stolen property. Each day he possessed the property did not give rise to a separate count, nor did it involve a separate victim.

exceeded the fair market value of the car. Harrington makes a number of arguments in support of his contention. However, Harrington told the court below that he disputed only approximately $280 of the $3,411.22 in damages. He did not dispute the trial court's decision to base the restitution order on the costs of repair. Harrington's failure to raise this issue below precludes appellate review of this assignment of error. *State v. Warren*, 55 Wn. App. 645, 649–50, 779 P.2d 1159 (1989).[4]

Affirmed.

COLEMAN, C.J., and GROSSE, J., concur.

---

[4]Moreover, even if Harrington properly presented this issue for appeal, his failure to present evidence below to support his contention precludes our review of this issue on appeal. *Story v. Shelter Bay Co.*, 52 Wn. App. 334, 345, 760 P.2d 368 (1988).