[No. 20722-2-II. Division Two. July 11, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. STANLEY
COE, *Appellant*.

*Jeffrey Steinborn* and *Steinborn & Associates*, for appellant.

*John W. Ladenburg, Prosecuting Attorney, Thomas C. Roberts, Deputy*, and *Mary G. Carver, Legal Intern,* for respondent.

HOUGHTON, C.J. — Stanley Coe appeals from an order requiring him to pay $38, 322 in restitution. We affirm.

## FACTS

Beginning in July 1992, Coe rented a house from Roger Teeter on Snag Island Drive. Alongside the house was a detached four-car garage with a mother-in-law apartment located above. Coe used the garage and the upstairs apartment to house his marijuana growing operation. He created a sealed grow room in the garage where he was growing approximately 20 plants with the aid of grow lights.

Additionally, he ran an eight-inch vent pipe from the sealed grow room to the upstairs apartment. This allowed the smell from the growing plants to dissipate in the apartment before it was released into the open air. It appears that the apartment's heating system had been inoperable for some time. By blowing large volumes of warm moist air from the grow room below into the cold apartment, Coe caused substantial moisture damage including mold, mildew, and severe dry-rot.

Coe utilized the house's heating and ventilation system to dry marijuana for sale. He stuffed nearly every accessible vent with marijuana to allow it to dry. He also made unauthorized alterations to the electrical system to accommodate the grow lights.

Coe pleaded guilty to one count of unlawful manufacture of a controlled substance. Coe forfeited approximately $87,000 to the State. Additionally, the State sought restitution for Teeter for damage to the house that occurred during Coe's marijuana growing operation.

At the restitution hearing, Teeter testified extensively

about the damage to his house. The trial court determined that restitution was appropriate and ordered Coe to pay $38,322. Coe appeals.

## ANALYSIS

■■ The authority to impose restitution is derived from statute. *State v. Davison*, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991). RCW 9.94A.142(2) provides in relevant part:

> Restitution shall be ordered whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property unless extraordinary circumstances exist which make restitution inappropriate in the court's judgment and the court sets forth such circumstances in the record.

Where restitution is authorized by statute, imposing it is within the discretion of the trial court. *Davison*, 116 Wn.2d at 919.

■ A trial court may order restitution where there is a causal connection between the underlying facts of the crime charged and the damage to the victim, and the victim's damages were a foreseeable consequence of the defendant's criminal acts. *State v. Landrum*, 66 Wn. App. 791, 799-801, 832 P.2d 1359 (1992); *State v. Harrington*, 56 Wn. App. 176, 179, 782 P.2d 1101 (1989). Restitution is not appropriate, however, where the victim "has not suffered any injury to person or property as a direct result of the crime charged." *State v. Martinez*, 78 Wn. App. 870, 881, 899 P.2d 1302 (1995), *review denied*, 128 Wn.2d 1017 (1996).

Coe contends that the trial court erred in determining that a sufficient causal connection existed between the marijuana growing operation and the damage to Teeter's home. Specifically, he argues that growing marijuana is a "victimless" crime and that the State's failure to charge him with vandalism or some other crime that includes an element of property damage makes restitution inappropriate. In support of this argument, he cites *State v. Hart-*

*well*, 38 Wn. App. 135, 139-141, 684 P.2d 778 (1984), *over-ruled on other grounds by State v. Krall*, 125 Wn.2d 146, 149, 881 P.2d 1040 (1994). Coe's reliance on *Hartwell* is misplaced.

In *Hartwell*, the court held that there was not a sufficient connection between the charged crime of leaving the scene of an accident and the damage to the victim's car, because the damage would have occurred regardless of whether the defendant left the scene. *Hartwell*, 38 Wn. App. at 140-41. Here, there was substantial evidence before the trial court showing that the growing operation caused severe mold, mildew, and dry-rot, and that Coe made several unauthorized alterations to the house's electrical and ventilation systems to facilitate the manufacture of marijuana.

Because the damage to Teeter's house would not have occurred but for Coe's marijuana growing operation, we hold that there was a sufficient causal connection between the crime charged and the victim's damage. *Landrum*, 66 Wn. App. at 801. Further, because dry-rot, mold, and mildew damage were foreseeable consequences of venting warm moist air into the unheated apartment, we hold that restitution was appropriate here. *Harrington*, 56 Wn. App. at 179.

 Coe next contends that the court erred in failing to order that the restitution award be satisfied out of funds already forfeited to the State. Coe fails to cite any authority that would permit a court to order that a restitution award be satisfied out of forfeited funds. We therefore decline to address this issue. *State v. Lord*, 117 Wn.2d 829, 853, 822 P.2d 177 (1991).

Affirmed.

MORGAN and SEINFELD, JJ., concur.

Review denied at 133 Wn.2d 1031 (1998).