[No. 20405-3-II.   Division Two.   April 17, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. MELINDA ANN WOODS, *Appellant*.

*R.A. Lewis* of *Knapp, O'Dell & Lewis,* for appellant (appointed counsel for appeal).

*Arthur D. Curtis, Prosecuting Attorney*, and *Mark E. Beam, Deputy*, for respondent.

BRIDGEWATER, A.C.J. — Melinda Woods appeals the restitution order following her plea of guilty to possession of a stolen vehicle. We reverse.

Woods pleaded guilty to possessing stolen property, a motor vehicle, on September 4, 1995. At the restitution hearing, a letter seized in the jail and allegedly written by Woods was introduced to show that she had stolen the truck on August 17. The trial court ordered restitution of the personalty, e.g., rifles, a knife, cassette tapes, tools, etc., located in the truck when it was stolen. The State asks us to relate back Woods's possession of the truck to August, even though she was charged and convicted for possessing it in September.[1]

> The decision to impose restitution and the amount thereof are within the trial court's discretion. *State v. Bennett*, 63 Wn. App. 530, 535, 821 P.2d 499 (1991). We will reverse such an order only if it is manifestly unreasonable or the sentencing court exercised its discretion on untenable grounds or for untenable reasons. *State v. Smith*, 33 Wn. App. 791, 798-99, 658 P.2d 1250, *review denied*, 99 Wn.2d 1013 (1983) (citing *State v. Cunningham*, 96 Wn.2d 31, 34, 633 P.2d 886 (1981)). However, the power to impose restitution derives entirely from the statute. *State v. Davison*, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991).

*State v. Hunotte*, 69 Wn. App. 670, 674, 851 P.2d 694 (1993). See also *State v. Kisor*, 68 Wn. App. 610, 619, 844 P.2d 1038

---

[1]Woods objects to the introduction of the letter in her restitution hearing. We need not address this issue because our holding on the "relation back" theory is dispositive.

(citing *State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 26, 482 P.2d 775 (1971)), *review denied,* 121 Wn.2d 1023 (1993); *State v. Mark,* 36 Wn. App. 428, 433, 675 P.2d 1250 (1984).

> In determining any sentence, the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing. Acknowledgment includes not objecting to information stated in the presentence reports. Where the defendant disputes material facts, the court must either not consider the fact or grant an evidentiary hearing on the point. The facts shall be deemed proved at the hearing by a preponderance of the evidence. *Facts that establish the elements of a more serious crime or additional crimes may not be used to go outside the presumptive sentence range except upon stipulation or when specifically provided for in RCW 9.94A.390(2)[(d), (e), (g), and (h)].*

RCW 9.94A.370(2) (emphasis added). "[R]estitution is authorized only by statute, and a trial court exceeds its statutory authority in ordering restitution where the loss suffered is not causally related to the offense committed by the defendant, or where the statutory provisions are not followed." *State v. Vinyard,* 50 Wn. App. 888, 891, 751 P.2d 339 (1988) (citing *State v. Hartwell,* 38 Wn. App. 135, 141, 684 P.2d 778 (1984); *Mark,* 36 Wn. App. at 436). "A restitution order must be based on the existence of a causal relationship between the crime charged and proven and the victim's damages." *State v. Blair,* 56 Wn. App. 209, 214-15, 783 P.2d 102 (1989). The issue here is whether the causal link between the victim's loss of personal property located in the vehicle at the time it was stolen and the defendant's subsequent possession of the stolen vehicle is so tenuous as to render the trial court's order of restitution an abuse of discretion. *Hunotte,* 69 Wn. App. at 675.

## I

██ "The general rule is that restitution may be ordered only for losses incurred as a result of the precise offense charged. Restitution cannot be imposed based on the defend-

ant's 'general scheme' or acts 'connected with' the crime charged, when those acts are not part of the charge." *State v. Miszak*, 69 Wn. App. 426, 428, 848 P.2d 1329 (1993) (citation omitted).

> In other words, the award of restitution must be based on a causal relationship between the offense charged and proved and the victim's losses or damages. A defendant may not be required to pay restitution beyond the crime charged or for other uncharged offenses. An exception to this general rule exists where the defendant pleads guilty and expressly agrees to pay restitution for crimes for which the defendant was not convicted.

*State v. Johnson*, 69 Wn. App. 189, 191, 847 P.2d 960 (1993) (citations omitted). "Accordingly, restitution for loss beyond the scope of the crime charged is properly awardable only when the defendant enters into an 'express agreement' to make such restitution as part of the plea bargain process." *Miszak*, 69 Wn. App. at 429 (citing *State v. Raleigh*, 50 Wn. App. 248, 252, 748 P.2d 267, *review denied*, 110 Wn.2d 1017 (1988)).

In September 1995, Woods was charged with and pleaded guilty to possession of stolen property in the second degree. The owner did not incur his loss of personal property as a result of Woods's possession of the stolen vehicle in September. Rather, the owner incurred such losses as a result of the vehicle being stolen in August. The State attempted to show through the letter that Woods stole and possessed the vehicle in August. The State did not amend the charge or include in the plea agreement a promise by Woods to pay for the items. The State essentially asked the trial court to impose restitution based on Woods's "general scheme," or based on acts "connected with" the crime charged that were not part of the crime charged. The trial court cannot base restitution on such losses, which go beyond the crime charged. Even assuming that Woods did steal the vehicle in August, she cannot be required to pay restitution for other uncharged offenses because she did not expressly agree, when she pleaded guilty to possession

of stolen property in the second degree, to pay restitution for crimes for which she was not convicted, such as theft in the second degree or taking a motor vehicle without permission. Restitution for loss beyond the scope of the crime charged is properly awardable only when the defendant enters into an express agreement, as part of the plea bargain process, to make such restitution. Woods made no such agreement here.

## II

"In examining the causal relationship between the crime and the loss, it is clear that if the loss or damage occurs before the act constituting the crime, there is no causal connection between the two." *Hunotte*, 69 Wn. App. at 675. "In deciding whether the restitution order is within the trial court's statutory authority, Division One of this court has adopted a 'but for' factual test in evaluating the causal link between the criminal acts and the victim's damages." *Hunotte*, 69 Wn. App. at 676 (citing *Blair*, 56 Wn. App. at 215; *State v. Harrington*, 56 Wn. App. 176, 180, 782 P.2d 1101 (1989); *State v. Barrett*, 54 Wn. App. 178, 179, 773 P.2d 420 (1989)). "In addition to determining whether the crime was a cause-in-fact of the loss, Division One has also declared that a reasonable person must foresee the loss as a consequence of the criminal act." *Hunotte*, 69 Wn. App. at 676 (citing *Harrington*, 56 Wn. App. at 176; *State v. Steward*, 52 Wn. App. 413, 416, 760 P.2d 939 (1988)).

In *Blair*, 56 Wn. App. at 210, 214, two juvenile defendants were ordered to pay restitution for the theft of personal property taken from a stolen vehicle and for damage to the vehicle itself after they were found guilty of taking a motor vehicle without permission. The order of restitution in *Blair* properly included losses due to the theft because the taking and subsequent abandonment of the car resulted in the theft of personal property. 56 Wn. App. at 215. Here, it cannot be said that "but for" Woods's possession of the stolen vehicle in September, the owner would not have lost the personal property located in the ve-

hicle when it was stolen in August. Nor can it be said that a reasonable person could foresee the loss of personal property located in a vehicle when it is stolen as a consequence of mere possession of the stolen vehicle.

Restitution was allowed in *State v. Mead*, 67 Wn. App. 486, 491, 836 P.2d 257 (1992), because it was reasonable to infer from the defendant's possession of broken frames and glass for a coin collection display case that he was responsible for the loss of the coins, and that such possession was causally related to the loss of the coins. But other property damaged during the burglary of the coin collection could not be attributed to the defendant's crime of possession. *Mead*, 67 Wn. App. at 491-92. Similar to the defendant here, a juvenile defendant in *State v. Tetters*, 81 Wn. App. 478, 479, 914 P.2d 784 (1996), was charged with possession of stolen property in the second degree, a motor vehicle, and pleaded guilty to possession of stolen property in the third degree. The owner's damages included loss of personal property taken from the vehicle and the trial court awarded the entire restitution amount sought by the victim. *Id.* at 480. Division One reversed the restitution order because the loss of personal property was not shown to be causally related to the defendant's crime. *Id.* at 480.

> The necessary causal relationship between the crime and the victim's loss has not been established in this case. No evidence has been presented to suggest that Tetters was in possession of the vehicle either from the time it was taken, or when the items were taken from the vehicle. The loss of the items from the vehicle Tetters possessed is analogous to the items destroyed during the burglary in *Mead*. In both cases the loss undeniably occurred before the criminal act for which the defendant was convicted.

> Nor does Tetters's possession of the vehicle suggest a relationship to the items missing from the vehicle the same way the broken display cases did to the lost coins in *Mead*. There is no inherent value in broken frames and glass. The possessor would not be likely to procure possession of such items by themselves. But a vehicle has obvious value of its own. Tet-

ters's mere possession of the vehicle is neither sufficiently, nor necessarily, related to the lost personal property. He cannot be obligated to pay restitution for those items.

*Tetters*, 81 Wn. App. at 481. The attempt to relate back the possession of the truck to the date of the theft is ineffective. And certainly if the State were attempting to ask for restitution for theft, rather than possession, the request would be ineffective because *Miszak*, 69 Wn. App. 426, and *Johnson*, 69 Wn. App. 189, establish that a defendant cannot be ordered to pay restitution for crimes other than those with which he was convicted unless he expressly agrees in a plea agreement.

Reversed.

MORGAN and ARMSTRONG, JJ., concur.

Review denied at 136 Wn.2d 1021 (1998).