18 P.3d 618 (2001)
105 Wash.App. 97
STATE of Washington, Respondent,
v.
Bobby Lee DONAHOE, Appellant.
No. 19282-2-III.
Court of Appeals of Washington, Division 3.
February 27, 2001.
*619 William Edelblute, Spokane, for Appellant.
Kevin M. Korsmo, Andrew J. Metts, III, Deputy Prosecuting Attorneys, Spokane, for Respondent.
SWEENEY, J.
Twelve-year-old Bobby Lee Donahoe took a stolen car for a joyride. The juvenile court ordered restitution to the owners of a fence and garage damaged after Bobby left his nine-year-old brother alone in the car with the engine running. The question presented is whether there is a sufficient causal connection between Bobby's offense of possessing the stolen car and the damage. We conclude there is and affirm.

FACTS
Bobby forced a screwdriver into the ignition and started the engine of a car stolen by others. After a short, erratic drive, Bobby got out. Bobby's nine-year-old brother, Steven, then took the wheel. The car shot forward and hit a fence and garage.
The court found Bobby guilty of first degree possession of stolen property and entered an order of deferred disposition. The prosecutor dropped two charges of failure to remain at the scene of an accident (unattended vehicle) and no valid operator's license. The court found that the damage to the garage and fence was a foreseeable consequence of Bobby's conduct. That is it was part of an unbroken chain of events. And Bobby was responsible. The court ordered restitution of $4,150 for all the property damage.

DISCUSSION
RCW 13.40.190(1) provides: "In its dispositional order, the court shall require the respondent to make restitution to any persons who have suffered loss or damage as a result of the offense committed by the respondent." Juvenile restitution provisions are liberally construed to achieve their purpose, which is to compensate the victims and hold the juvenile accountable. State v. Sanchez, 73 Wash.App. 486, 489, 869 P.2d 1133 (1994).
The essence of Bobby's argument is that the court imposed damages for a general criminal scheme instead of the specific criminal conduct of possession of stolen property with which he was charged. He contends (1) that damage to the fence and garage was not a foreseeable consequence of possessing a stolen car; and (2) that the owners are not "victims" as contemplated by the restitution statute.
Bobby relies on State v. Ashley[1] for his contention that the court erroneously charged him with damages resulting from the general criminal scheme of which his conduct was only a part. He argues that the *620 possession with which he was charged for the joyride ended when he got out of the car. He contends that only the foreseeable consequences of a criminal act can form the basis of restitution. Therefore, it was not sufficient to find that Steven would not have driven the car if Bobby had not possessed it. He contends the court needed substantial evidence that it was foreseeable to a reasonable person that a nine-year-old would try to drive the car.
Standard of Review. A restitution award will not be disturbed absent an abuse of discretion. State v. Enstone, 137 Wash.2d 675, 679, 974 P.2d 828 (1999). We find an abuse of discretion only when the action of the court is "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." Id. at 679-80, 974 P.2d 828 and cases cited.
Damages Need Not Be Foreseeable.
The damages must be causally connected to the crime. Enstone, 137 Wash.2d at 682, 974 P.2d 828. Mr. Enstone pushed a woman out his front door. She was intoxicated and fell down some cement stairs, landing on her head. Id. at 677, 974 P.2d 828. The foreseeability of the extent of the victim's injuries was irrelevant. She was entitled to restitution for all her injuries. Id. at 682-83, 974 P.2d 828.
Bobby cites several cases for the proposition that the court cannot impose restitution for damages arising out of the general scheme of criminal behavior. However, the complete holding of these decisions is not that the existence of a general scheme immunizes the wrongdoer from responsibility, but rather that the damage must result from the defendant's conduct.
For example, in State v. Ashley[2] the court reversed a restitution award for injuries inflicted by others before the defendant arrived on the scene. By contrast, in State v. Steward[3] restitution was proper to the owner of a vehicle that was stripped by persons unknown after the juvenile offender stole and abandoned it.
The court may not award restitution to victims of uncharged crimes. The statute does, however, permit restitution to collateral victims of the charged conduct. State v. Barr, 99 Wash.2d 75, 78, 658 P.2d 1247 (1983). Restitution need only be "reasonably related to the crime" so as to lead the defendant to accept responsibility for his or her acts. State v. Mark, 36 Wash.App. 428, 432, 675 P.2d 1250 (1984).
Bobby's little brother was behind the wheel when the car crashed. The court nonetheless found that this was a direct, linear consequence of Bobby's taking possession of the car, starting it, driving it, and then leaving Steven alone in the car with the engine running. Bobby accepted responsibility for the crash: "Well, I guess it would be kind of my fault, because I was the one who started the car and went around the block with him in the car in the first place." Report of Proceedings at 87. The court found it foreseeable that little brothers do as they see their older brother doing. The court did not have to make a finding of foreseeability since foreseeability is not a component to the test.
Enstone involves the adult restitution statute, but the holding is equally applicable to juvenile proceedings. The juvenile restitution statute does not include foreseeability either. RCW 13.40.190. Unlike the situation in Ashley, where the damage occurred before Ashley committed the offense, the damage here occurred contemporaneously with and as a direct result of Bobby's possession of the stolen car.
Bobby concedes that Enstone holds that foreseeability is not a consideration when the defendant caused the injuries. We reject his unsupported contention that Enstone applies only to personal injury and not to property damage unless some act or intent of the defendant is directed at the property.
Restitution cannot be based on acts connected with the charge unless those acts are part of the charge. State v. Hartwell, 38 Wash.App. 135, 141, 684 P.2d 778 (1984), *621 overruled on other grounds by State v. Krall, 125 Wash.2d 146, 881 P.2d 1040 (1994). The court mentioned a dismissed count of leaving the scene of an accident, which, Bobby correctly observes, is not a proximate cause of the accident damages. City of Walla Walla v. Ashby, 90 Wash.App. 560, 952 P.2d 201 (1998). The court, however, considered only the damages it found resulted directly from Bobby's relevant conduct.
It was not manifestly unreasonable for the court to find that the damages directly resulted from Bobby's unlawful conduct.
Victim. We construe statutes to give effect to their legislative purpose. State v. Fjermestad, 114 Wash.2d 828, 835, 791 P.2d 897 (1990). The underlying purposes of juvenile restitution are victim compensation and juvenile accountability. State v. Bennett, 63 Wash.App. 530, 533, 821 P.2d 499 (1991). We therefore construe the restitution provisions of the juvenile justice act liberally in favor of imposing restitution. Sanchez, 73 Wash.App. at 489, 869 P.2d 1133.
Bobby contends that restitution is available only to the statutory victim of the offense. RCW 13.40.020(22). He contends that the owners of the fence and garage are not victims of the crime of possession of stolen property who are entitled to restitution under RCW 13.40.190(1). Only the owner of the stolen vehicle is the victim of possession.
The Legislature, however, intended that restitution be made to any person who suffers loss or damage as a result of the offense. RCW 13.40.190. The class is limited only by the court's causal connection analysis. In the absence of conflicting juvenile authority, we apply the same reasoning employed in the interpretation of chapter 9.94A RCW. State v. Ashbaker, 82 Wash.App. 630, 632, 919 P.2d 619 (1996); Sanchez, 73 Wash.App. at 489, 869 P.2d 1133. "`Victim' means any person who has sustained emotional, psychological, physical, or financial injury to person or property as a direct result of the crime charged." Former RCW 9.94A.030(37) (1998) (now RCW 9.94A.030(43)).
In Sanchez, we affirmed restitution to a victim's insurance company. The court applied the same reasoning supporting restitution under the adult statutes in holding that restitution should be extended to recipients other than the immediate victims of the offense, if to do so serves the purposes of the legislation. Sanchez, 73 Wash.App. at 489, 869 P.2d 1133.
The court here acted within its discretion in requiring Bobby Donahoe to pay for these damages. We affirm the restitution order.
KURTZ, C.J., and GREEN, J.P.T., concur.
NOTES
[1] 40 Wash.App. 877, 878-79, 700 P.2d 1207 (1985).
[2] 40 Wash.App. 877, 878-79, 700 P.2d 1207 (1985).
[3] 52 Wash.App. 413, 416, 760 P.2d 939 (1988).