# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47973-7-II |
| Respondent, | |
| v. | |
| E.A.S.,[†] | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — E.A.S. appeals the trial court's order imposing restitution against E.A.S. for the victim's substantial injuries after E.A.S. was convicted of fourth degree assault. We hold that the trial court abused its discretion by imposing restitution for the victim's injuries in the absence of a causal connection between E.A.S.'s conviction and the victim's injuries, and reverse the trial court's restitution order.

---

[†] Because the appellant was adjudicated as a juvenile, we find it appropriate to provide some confidentiality in this case. Accordingly, it is hereby ordered that initials shall be used in the case caption and in the body of the opinion when identifying the appellant and any juvenile witnesses. RAP 3.4.

FACTS

This case stems from two fights between high school students. The victim, T.O., agreed to the first fight with Q.R.[1] at T.O.'s home. E.A.S. and other high school students were present during that fight. Q.R. repeatedly punched T.O. in the face and knocked T.O. down at least twice. After the last knock down, Q.R. walked away with the other students, including E.A.S.

T.O. stood up and told Q.R. to come back so that T.O. could talk to him. At that point, E.A.S. approached T.O. T.O. told E.A.S. that he did not want to fight, but E.A.S. began hitting him. 2 VRP at 197. T.O. was "groggy" and "dizzy" from his fight with Q.R., and struggled to defend himself against E.A.S.'s punches. 2 Verbatim Report of Proceedings (VRP) at 197. After that fight, Q.R., E.A.S., and the other students left T.O.'s house. T.O.'s mother returned home soon after and called the police.

The State charged E.A.S. with second degree assault.[2] At the bench trial, T.O. testified that E.A.S. punched him and he hit his head on a brick wall. T.O. also testified that he was unable to see, but he felt his body being punched and kicked. He blacked out and lost consciousness. He testified that he suffered a concussion and a "through-and-through cut to his lip" as a result of being assaulted by E.A.S. Clerk's Papers (CP) at 11.

The trial court found that T.O.'s testimony was not supported by the evidence and was not credible. The trial court also found that "[n]o testimony was presented that proved [E.A.S.] inflicted [T.O.'s] injur[ies]" and that the State "failed to prove that the reckless infliction of

---

[1] Q.R. is neither a party to this appeal nor was he charged as a co-defendant.

[2] RCW 9A.36.021(1)(a).

substantial bodily harm was caused by [E.A.S.] and not [T.O.] himself." CP at 12. As a result, the trial court found E.A.S. guilty of fourth degree assault.[3]

The trial court sentenced E.A.S. to six months' community supervision. The trial court reminded the parties that the State did not prove that E.A.S. "caused the Assault 2 level of injuries." 4 VRP at 426. But the trial court found that "injuries are injuries" and imposed "[j]oint and several" restitution in the full amount of T.O.'s medical expenses relating to his injuries.[4] E.A.S. appeals the restitution order.

## ANALYSIS

E.A.S. argues that the trial court lacked the authority to impose restitution because the State failed to establish a causal relationship between E.A.S.'s crime and T.O.'s injuries. We agree.

A. LEGAL PRINCIPLES

An order of restitution is reviewed for abuse of discretion. *State v. S.T.*, 139 Wn. App. 915, 918, 163 P.3d 796 (2007). An abuse of discretion occurs when the order is manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons. *S.T.*, 139 Wn. App. at 918. The court has discretion to determine the amount, terms, and conditions of restitution. RCW 13.40.190(1)(d).

Restitution is allowed only for losses that are causally connected to the crime. *State v. Kinneman*, 155 Wn.2d 272, 286, 119 P.3d 350 (2005). "Restitution may not be based on acts connected with the crime charged, when those acts are not part of the charge." *State v. Harrington*,

---

[3] E.A.S. was charged with a co-defendant, but the trial court acquitted the co-defendant.

[4] The trial court imposed restitution in the amount of $4,183.93. The record does not show with whom E.A.S. was held joint and severally liable for the restitution imposed.

56 Wn. App. 176, 179, 782 P.2d 1101 (1989); *see State v. Woods*, 90 Wn. App. 904, 907, 953 P.2d 834 (quoting *State v. Blair*, 56 Wn. App. 209, 214-15, 783 P.2d 102 (1989)) ("A restitution order must be based on the existence of a causal relationship between the crime charged and proven and the victim's damages."), *review denied*, 136 Wn.2d 1021 (1998); *State v. Ashley*, 40 Wn. App. 877, 879, 700 P.2d 1207 (1985) ("Since there was no injury or loss as a result of the crime for which Ashley was charged and convicted, there can be no restitution."). "A sufficient causal connection exists if, 'but for the criminal acts of the defendant, the victim would not have suffered the damages for which restitution is sought.'" *S.T.*, 139 Wn. App. at 919 (quoting *State v. Landrum*, 66 Wn. App. 791, 799, 832 P.2d 1359 (1992)).

B.    NO CAUSAL CONNECTION BETWEEN CONVICTION AND INJURIES ESTABLISHED

The State argues that E.A.S. was an active participant in the assault that caused T.O.'s injuries, and therefore, E.A.S. is liable for related restitution. However, the trial court expressly found that the State failed to prove that T.O.'s injuries were caused by E.A.S. Thus, because the State did not prove that E.A.S. inflicted T.O.'s injuries, as necessary to support second degree assault, the trial court found E.A.S. not guilty of second degree assault. Instead, the trial court found E.A.S. guilty of fourth degree assault, which does not require the State to prove that E.A.S. caused any physical injury.

Despite expressly finding that the State failed to prove E.A.S. inflicted T.O.'s injuries, the trial court imposed restitution against E.A.S. to compensate T.O. for his injuries. In doing so, the trial court abused its discretion because T.O.'s injuries were not causally connected to E.A.S.'s

No. 47973-7-II

conviction. *Kinneman*, 155 Wn.2d at 286. Accordingly, we reverse the trial court's restitution order.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Johanson, J.

Bjorgen, C.J.