[No. 35798-1-I.    Division One.    April 29, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. JESSE DWAYNE TETTERS, *Appellant*.

---

[9]*State v. Fellers*, 37 Wn. App. 613, 619, 683 P.2d 209 (1984).

*Eric Broman, Christopher H. Gibson,* and *Nielsen & Acosta,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Ellen O'Neill-Stephens, Deputy,* for respondent.

BAKER, C.J. — A police officer observed Jesse Tetters and a companion, both juveniles, exiting a vehicle. The companion, who exited the driver's seat, was arrested on suspicion of an earlier hit and run with a stolen vehicle. Tetters was allowed to leave the scene. After Tetters left, the officer discovered that the vehicle had been stolen one week previously. Tetters returned with another companion to retrieve some personal items from the vehicle, and they both were arrested.

Tetters was initially charged with possession of stolen property in the second degree, but pleaded guilty to third degree possession as the result of a plea agreement. At his

disposition hearing, Tetters waived his presence for the restitution hearing.[1] The vehicle owner submitted her damages, which included damage to the vehicle and loss of personal property taken from the vehicle. At the restitution hearing defense counsel argued that the lost property was not attributable to Tetters's crime. The trial court awarded the entire restitution amount sought by the victim. Tetters does not appeal the $100 restitution ordered to reimburse the insurance deductible for damage to the vehicle. He does appeal the order to reimburse $2,261 for the value of the missing personal property. Because the loss of personal property was not shown to be causally related to Tetters's crime, we reverse.

■ "A restitution order must be based on the existence of a causal relationship between the crime charged and proven and the victim's damages."[2] "[A] trial court may order restitution if the victim's damage was a foreseeable consequence of the defendant's criminal acts."[3] We have found a causal relationship where personal property was taken from a vehicle which was taken by the defendant.[4] We have also found a causal relationship justifying restitution where damage undisputedly occurred during a defendant's lengthy possession of a vehicle.[5]

In *State v. Mead*[6] a restitution award was affirmed because it was reasonable to infer from the defendant's possession of certain property that he was responsible for the loss of other property. The defendant in that case possessed broken frames and glass from a coin collection display case. The court held that it was reasonable to infer that possession of the broken display cases was causally related to the loss of the coins. However, the same court

---

[1]Tetters does not appeal the timeliness of the restitution order.

[2]*State v. Blair*, 56 Wn. App. 209, 214-15, 783 P.2d 102 (1989).

[3]*State v. Harrington*, 56 Wn. App. 176, 179, 782 P.2d 1101 (1989).

[4]*See, e.g., Blair*, 56 Wn. App. at 215.

[5]*Harrington*, 56 Wn. App. at 180.

[6]67 Wn. App. 486, 491, 836 P.2d 257 (1992).

also held that other property damaged during the burglary of the coin collection could not be attributed to the defendant's crime of possession.[7]

The necessary causal relationship between the crime and the victim's loss has not been established in this case. No evidence has been presented to suggest that Tetters was in possession of the vehicle either from the time it was taken, or when the items were taken from the vehicle. The loss of the items from the vehicle Tetters possessed is analogous to the items destroyed during the burglary in *Mead*. In both cases the loss undeniably occurred before the criminal act for which the defendant was convicted.

Nor does Tetters's possession of the vehicle suggest a relationship to the items missing from the vehicle the same way the broken display cases did to the lost coins in *Mead*. There is no inherent value in broken frames and glass. The possessor would not be likely to procure possession of such items by themselves. But a vehicle has obvious value of its own. Tetters's mere possession of the vehicle is neither sufficiently, nor necessarily, related to the lost personal property. He can not be obligated to pay restitution for those items.

We reverse and remand for entry of a restitution order excluding the lost personal property.

GROSSE and WEBSTER, JJ., concur.

---

[7]*Mead*, 67 Wn. App. at 491-92.