604

[Nos. 51300-1-I; 51704-0-I;    Division One.    March 15, 2004.]
51705-8-I.

THE STATE OF WASHINGTON, *Respondent*, v. KEIGAN C.,
*Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. FERGUSON H.,
*Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. IAN F., *Appellant*.

*Christopher Gibson* (of *Nielsen, Broman & Koch, P.L.L.C.*), for appellant Keigan C.

*Dana M. Nelson* (of *Nielsen, Broman & Koch, P.L.L.C.*), for appellant Ferguson H.

*Nancy P. Collins* (of *Washington Appellate Project*), for appellant Ian F.

*Janice E. Ellis, Prosecuting Attorney*, and *Seth A. Fine, Deputy*, for respondent Snohomish County in the Keigan C. case.

*Norm Maleng, Prosecuting Attorney*, and *E. Bradford Bales, Deputy*, for respondent King County in the Ferguson H. and Ian F. cases.

BECKER, C.J. — All three juvenile appellants were passengers in stolen vehicles. All were convicted of joyriding. Their appeals from orders of restitution raise the same issue: whether damages occurring either before they became passengers or after they got out of the car can properly be seen as causally connected to the crime.[1] Because the joyriding statute makes takers and riders equally culpable for the crime, we conclude a trial court has discretion to make them jointly and severally liable for restitution.

The first case is the appeal of Keigan C. By the time the driver of a stolen car picked up Keigan, the car had already sustained damage to the ignition, door locks, and steering column. Additional damage to the body and undercarriage may have occurred while Keigan was riding in the car. The trial court made him jointly and severally liable with the driver for the total damages of $1,761.97.

The second case includes the consolidated appeals of Ferguson H. and Ian F. The driver of a stolen car picked them up at a skateboard park. The two of them jumped from the car when police began to follow it. The driver, attempting to elude the police, turned into a parking lot, hit a curb, lost control of the car, and crashed into a truck and a storefront. The trial court made Ferguson and Ian jointly and severally liable for the total amount of damage, $6,962.08, along with the driver and another passenger. This award included damage to the stolen car, the truck, and the storefront, all of which occurred after the two appellants jumped from the car.

---

[1] We have addressed all three appeals in a single opinion because of the shared legal issue.

■ The authority to impose restitution in a juvenile case is purely statutory. *State v. Hunotte*, 69 Wn. App. 670, 674, 851 P.2d 694 (1993). The statute authorizing restitution awards calls for joint and several liability by all participants in a crime for damages caused by the offense:

> the court shall require the respondent to make restitution to any persons who have suffered loss or damage as a result of the offense committed by the respondent. . . . If the respondent participated in the crime with another person or other persons, all such participants shall be jointly and severally responsible for the payment of restitution.

RCW 13.40.190(1).

■ Restitution may be ordered only for losses incurred as a result of the precise offense charged. *State v. Miszak*, 69 Wn. App. 426, 428, 848 P.2d 1329 (1993). The precise offense charged against each juvenile in these cases was the crime of taking a motor vehicle without permission. The statute defining that crime provides that a passenger who rides in the vehicle knowing that it was taken unlawfully has the same culpability for the taking of the vehicle as the person who actually takes it:

> A person is guilty of taking a motor vehicle without permission in the second degree if he or she, without the permission of the owner or person entitled to possession, intentionally takes or drives away any automobile or motor vehicle . . . that is the property of another, or he or she voluntarily rides in or upon the automobile or motor vehicle with knowledge of the fact that the automobile or motor vehicle was unlawfully taken.

RCW 9A.56.070(2)(a). Thus, not only does the restitution statute itself make all "participants" in a crime jointly and severally responsible for restitution, but also the crime itself is defined in a way that makes a knowing passenger as culpable as the person who took the car unlawfully and drove it away.

A restitution award must be based on a causal relationship between the offense charged and proved and the victim's losses or damages. *State v. Johnson*, 69 Wn. App.

189, 191, 847 P.2d 960 (1993). In evaluating the causal link, this court uses a "but for" factual test. *State v. Landrum*, 66 Wn. App. 791, 799, 832 P.2d 1359 (1992). The factual test is satisfied in these cases. The offense charged and proved was taking a motor vehicle without permission. But for the taking of the motor vehicle without permission, none of the damage would have occurred. We therefore conclude that the restitution awards were appropriate.

Our conclusion is not inconsistent with the principle that in assigning restitution, the trial court should look "to the underlying facts of the charged offense, not the name of the crime to which the defendant entered a plea." *Landrum*, 66 Wn. App. at 799. Appellants contend that the fact underlying the offense charged against them was riding, not taking, and therefore they cannot be ordered to make restitution for damage that occurred before they accepted the ride or after they got out. Ferguson and Ian alternatively argue that even if they are liable for the damage to the locks and ignition caused by the initial taking, they are not liable for the damage that occurred later. They argue they cut off their participation in the crime when they jumped out of the car moments before the driver raced off with police cars following and crashed into a storefront. The statute, however, does not compel such a narrow analysis. While it is true that the act making a passenger culpable is riding in the car, it is not the only act constituting the charged offense. The earlier taking of the car by someone else is also an underlying fact of the offense charged against the passenger. Because the taker and the rider are culpable of the same offense involving the same vehicle, logically the rider can be held liable for the same damages as the taker.

A case that supports our analysis despite appellants' reliance on it is *State v. Tetters*, 81 Wn. App. 478, 914 P.2d 784 (1996). Tetters, a passenger in a stolen vehicle, pleaded guilty to third degree possession of stolen property. The stolen property was a vehicle which had been reported stolen one week before Tetters was observed getting out of it. The trial court ordered Tetters to pay restitution for

items of personal property reported missing from the car. The reviewing court reversed this award because Tetters' "mere possession of the vehicle" was neither sufficiently, nor necessarily, related to the loss of the personal property. *Tetters*, 81 Wn. App. at 481. There was no evidence that Tetters was in possession of the car from the time it was taken, or at the time the items disappeared. *Tetters*, 81 Wn. App. at 481. A similar analysis and result is found in another case involving a conviction for possession of stolen property, *State v. Woods*, 90 Wn. App. 904, 953 P.2d 834 (1998). The court there held that the possessor of a stolen truck could not be required to make restitution for lost personal property that was in the truck when it disappeared because the stealing of the vehicle was not part of the crime actually charged.

As *Tetters* and *Woods* illustrate, culpability for possession of stolen property does not necessarily include culpability for the stealing of the property. The actual thief is guilty of a different crime. But in the present cases, where the offense is taking a motor vehicle without permission, the knowing rider is guilty of the same offense as the taker. For this reason, the result is different than when the charge is possession of stolen property. The damages can be seen as causally related to the underlying facts of the passenger's offense even though the passenger was not in the car when the damage occurred.

"A restitution award will not be disturbed absent an abuse of discretion." *State v. Donahoe*, 105 Wn. App. 97, 100, 18 P.3d 618 (2001). An abuse of discretion occurs when the action of the court is " 'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.' " *Donahoe*, 105 Wn. App. at 100 (quoting *State v. Enstone*, 137 Wn.2d 675, 679-80, 974 P.2d 828 (1999)). A trial judge conceivably might, depending on the facts of a joyriding case, decide that the damage incurred is so remote from the participation of a passenger that it is not causally connected to the crime charged against the passenger. But in the cases presently before us, we cannot say the trial courts

lacked tenable grounds for holding the passengers accountable for all the damages caused by the taking of the vehicles. We find no abuse of discretion.

■ Appellant Ferguson H. raises, as additional grounds for review under RAP 10.10, an allegation that he tried to get the driver to stop to let him out when he learned that the car was stolen, but the driver wouldn't stop. Ferguson could have attempted to prove this version of the facts if he had gone to trial, but instead he accepted a deferred disposition and thereby stipulated to the use of only those facts contained in the police report. RCW 13.40.127(3). It is too late now to prove other facts not in the record. The same is true for appellant Ian F. who also contends he should now have the right to go to trial.

We have examined the other grounds for review raised by appellants under RAP 10.10, and have found them to be without merit.

The restitution orders are affirmed.

KENNEDY and APPELWICK, JJ., concur.

Reconsideration denied April 30, 2004.

Review granted at 153 Wn.2d 1001 (2005).