[No. 24389-3-III.   Division Three.   January 30, 2007.]

THE STATE OF WASHINGTON, *Respondent*, v. JOAN MARIE GRIFFITH, *Appellant*.

---

[2] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

886

*William D. Edelblute*, for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo* and *George W. Gagnon III, Deputies*, for respondent.

¶1 SWEENEY, C.J. — The decision whether and in what amounts to impose restitution as part of a sentence is discretionary with the sentencing court, so long as the restitution imposed is related to the defendant's crime. The defendant here challenges the factual basis for the court's finding that the value of the property (stolen property the defendant possessed) was $11,500. We conclude that there is substantial evidence in this record to support the trial judge's assessment of value. And we affirm the restitution order.

## FACTS

¶2 Joan Marie Griffith pleaded guilty to second degree possession of stolen property. A burglar broke into Elaine and Robert Linscott's home and stole jewelry, sterling silver, and other items valued at more than $44,000. The burglar took their property between Christmas 2001 and New Year's of 2002. The Linscotts reported the theft on January 1, 2002, and provided a detailed list of the stolen items, along with their estimated values.

¶3 Ms. Griffith went to the Eastern Washington Coin Company in Spokane with a bag of jewelry and gold scrap on January 2 and again on January 4. John and Russ Slaughter own the coin company. They paid $96 for some gold scrap from Ms. Griffith. She asked them to appraise a ring with a large diamond. They offered her around $500 for the ring. She declined the offer.

¶4 Ms. Linscott checked local pawnshops and resale stores about a week after the burglary. She found numerous stolen items at the coin company, including a $5,000 pearl necklace. The Slaughters identified Ms. Griffith to police as the person who sold them the stolen jewelry. Ms. Griffith told police that on January 2 two men approached her and sold her several items, including jewelry that she sold to the coin company that same day.

¶5 The State charged Ms. Griffith with second degree trafficking in stolen property, former RCW 9A.82.050(1) (2001). She pleaded guilty to the reduced charge of second degree possession of stolen property. RCW 9A.56.160.

¶6 Ms. Griffith agreed that the court could review police reports to establish the factual basis for the crimes in lieu of a written statement on plea of guilty. The trial court entered a judgment of guilty on November 22, 2004.

¶7 The court held a restitution hearing in June 2005. Elaine Linscott and John Slaughter testified. The court also had the stipulated police reports available. The court found:

After reviewing the case record to date, hearing testimony from Elaine Linscott, John Slaughter, and the basis for the motion, the court finds that: good cause exists. The State of Washington met its burden to establish a loss after recovery. The victim, Elaine Linscott provided a list of lost property (State's One) which identified property taken in the burglary two days before the defendant sold some of this property to John Slaughter at Eastern Washington Coin Company. Although $5,000 worth of property was recovered, $11,500 of Elaine Linscott's property was identified by John Slaughter as having been in defendant's possession after the crime. That the court found that the facts and testimony sufficiently established that the loss is the result of defendant's actions.

Clerk's Papers (CP) at 25-26.

## DISCUSSION

### COURT'S RESTITUTION VALUE SUPPORTED BY THE RECORD

¶8 Ms. Griffith complains that the court imposed restitution beyond the scope of the crime she pleaded guilty to—possession of stolen property. She did not expressly agree in her plea agreement to pay restitution for the burglary. And, moreover, there is not a sufficient factual basis for the court's finding that she had $11,500 worth of jewelry. She argues that the court may not impose restitution beyond the scope of the crime charged. *State v. Woods*, 90 Wn. App. 904, 907, 953 P.2d 834 (1998). And there must be a causal relationship between the crime proved and the victim's damages. *Id.*

¶9 The State concedes that the factual basis for the court's finding that Ms. Griffith had stolen goods worth $11,500 is thin. But it contends, nonetheless, that it is sufficient to support the court's discretionary decision to impose restitution for $11,500.

¶10 First, the court must order restitution whenever an offender is convicted of an offense that injured any person or caused damage to or loss of property. RCW 9.94A-.753(5); *State v. Miszak*, 69 Wn. App. 426, 428, 848 P.2d

1329 (1993). The restitution obligation must be causally related to the offense committed by the defendant:[1]

> [R]estitution . . . shall be based on easily ascertainable damages for injury to or loss of property, actual expenses incurred for treatment for injury to persons, and lost wages resulting from injury. . . . The amount of restitution shall not exceed double the amount of the offender's gain or the victim's loss from the commission of the crime.

RCW 9.94A.753(3). A defendant can, however, agree to pay for damages related to uncharged offenses. RCW 9.94A-.753(5). So a defendant may agree to make restitution for the greater offense as part of the plea bargain. *Miszak*, 69 Wn. App. at 429.

¶11 The State must prove the restitution amount by the required burden of persuasion—a preponderance of the evidence. *State v. Kinneman*, 155 Wn.2d 272, 285, 119 P.3d 350 (2005). As in determining any sentence—including restitution—the trial court must rely on no more than what is admitted by the plea agreement, or what is admitted, acknowledged, or proved at trial. *Woods*, 90 Wn. App. at 907. Evidence supporting restitution is " 'sufficient if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture.' " *State v. Fleming*, 75 Wn. App. 270, 274, 877 P.2d 243 (1994) (internal quotation marks omitted) (quoting *State v. Pollard*, 66 Wn. App. 779, 785, 834 P.2d 51 (1992)).

¶12 The legislature in Washington clearly intended to make restitution extensively available to victims of crimes. *State v. Hiett*, 154 Wn.2d 560, 564, 115 P.3d 274 (2005). Courts may, then, look at the underlying facts of a charged crime rather than only the generally defined elements of a particular crime. *Id.* at 564-65. Put another way, the court may look not only to the name of the crime the defendant entered a plea to but to the underlying conduct as well. *Id.* This follows the legislature's broad imposition on offenders of the responsibility of restitution. *Id.* at 565.

---

[1] *Woods*, 90 Wn. App. at 907.

¶13 The essence of Ms. Griffith's challenge is that the court's finding, that the value of the stolen property found in her possession was $11,500, is not supported by the record. And while the announced standard of review is "abuse of discretion," the question here is factual. *State v. Davison*, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991). And the usual rules governing our review of findings of fact ought to apply. *State v. Vickers*, 148 Wn.2d 91, 116, 59 P.3d 58 (2002). Our task is to decide whether there is evidence in the record from which the trier of fact could have found that the value of the property in Ms. Griffith's possession was $11,500. Said another way, is the finding supported by substantial evidence? *Id.* Our task is not to decide whether we would have found the same evidence convincing by a preponderance of evidence—the burden of persuasion—that was the trial court's job. *State v. Ryan*, 78 Wn. App. 758, 761, 899 P.2d 825 (1995).

¶14 Ms. Griffith pleaded guilty to second degree possession of stolen property. She stipulated that she possessed stolen property worth more than $250 and no more than $1,500. RCW 9A.56.160(1)(a). But a trial court does not "abuse its discretion by ordering restitution in an amount more than the statutory upper limit for the crime of conviction." *State v. Mead*, 67 Wn. App. 486, 490, 836 P.2d 257 (1992); *see also State v. Selland*, 54 Wn. App. 122, 124, 772 P.2d 534 (1989); *State v. Rogers*, 30 Wn. App. 653, 657-58, 638 P.2d 89 (1981).

¶15 Ms. Griffith agreed to pay restitution "[i]f this crime resulted in injury to any person or damage to or loss of property." CP at 4. The judge could, then, impose restitution for losses related to her crime of possession of stolen property even in excess of the $1,500 statutory parameters for that crime. *Mead*, 67 Wn. App. at 490. Again, the question here is whether the court's finding that she had $11,500 of stolen property in her possession is supported by the record. *In re Disciplinary Proceeding Against Longacre*, 155 Wn.2d 723, 735-36, 122 P.3d 710 (2005).

¶16 Ms. Linscott testified that based on "this record you have given me that we punched into the police report, it's over $11,000 that she had on her person" when Ms. Griffith visited the coin company. Report of Proceedings (RP) at 7. Mr. Slaughter remembered gold scrap that he bought for around $96, the string of pearls that was eventually returned to the Linscotts, and a ring with a large diamond-like stone. And he remembered other items. RP at 9-10, 15. This evidence is sufficient to support the trial judge's findings that Ms. Griffith had $11,500 of stolen property in her possession. *Vickers*, 148 Wn.2d at 116. Again, the question is not whether we believe the evidence to the burden of persuasion standard—preponderance of the evidence. *Ryan*, 78 Wn. App. at 761.

¶17 The trial court declined to impose restitution for the full value of the items stolen from the Linscotts. Ms. Griffith pleaded guilty to second degree possession of stolen property. She did not agree to responsibility for the burglary loss. The trial court then limited restitution to those losses causally connected to her possession conviction. *Woods*, 90 Wn. App. at 907.

¶18 And we therefore affirm the restitution order.

KATO, J., concurs.

¶19 SCHULTHEIS, J. (dissenting) — Restitution ordered after a criminal conviction must be based on easily ascertainable damages for loss of property and other expenses causally related to the offense. RCW 9.94A.753(3). "Evidence supporting restitution 'is sufficient if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture.'" *State v. Hughes*, 154 Wn.2d 118, 154, 110 P.3d 192 (2005) (internal quotation marks omitted) (quoting *State v. Fleming*, 75 Wn. App. 270, 274-75, 877 P.2d 243 (1994)), *overruled in part on other grounds by Washington v. Recuenco*, ___ U.S. ___, 126 S. Ct. 2546 (2006). On the basis of this record, I cannot agree with the majority that the evidence

provides a reasonable basis for estimating the value of the stolen property in Joan Griffith's possession. Consequently, I respectfully dissent.

¶20 At the restitution hearing, John Slaughter offered very little evidence regarding items Ms. Griffith brought to the coin company in a bag. He remembered gold scrap that he bought for around $96, the string of pearls that was eventually returned to Elaine and Robert Linscott, and a ring with a large diamond-like stone, although he never examined the ring himself. Other than those items, he could only describe the rest of what Ms. Griffith brought to the coin company as "stuff." Report of Proceedings (RP) at 9, 15. The prosecutor specifically asked him if he would have remembered if Ms. Griffith brought in a "bag of gems," and he answered "[p]robably, yes." RP at 15. Yet he did not have that memory.

¶21 Ms. Linscott testified that based on "this record you have given me that we punched into the police report, it's over $11,000 that she had on her person" when Ms. Griffith visited the coin company. RP at 7. When questioned further, Ms. Linscott clarified that she based that figure on statements in the record by Mr. Slaughter.

¶22 The only record before this court is the investigating officer's affidavit of facts. In that affidavit, the officer states that Russ Slaughter can testify that Ms. Griffith brought in "several miscellaneous pieces of jewelry" sold to him for $96 and "a ring with a large diamond," which he appraised at between $480 and $500. Clerk's Papers at 30. Nothing other than the items bought for around $96 and the diamond ring is ever specifically described by any witness in the record or at the hearing. And the record does not indicate whether the items sold to the coin company for $96 were the same items recovered by Ms. Linscott from the coin company. The record simply does not support with a preponderance of the evidence that Ms. Griffith was responsible for a loss valued at $11,500.

¶23 It should be noted that the trial court properly declined to impose restitution for the full value of the items

stolen from the Linscotts. Because Ms. Griffith pleaded guilty to second degree possession of stolen property and did not agree to be responsible for the loss due to the burglary, the trial court was not authorized to impose restitution for loss that was not causally connected to possession alone. *State v. Woods*, 90 Wn. App. 904, 907, 953 P.2d 834 (1998). As stated in *State v. Keigan C.*, 120 Wn. App. 604, 609, 86 P.3d 798 (2004), *aff'd sub nom. State v. Hiett*, 154 Wn.2d 560, 115 P.3d 274 (2005), "culpability for possession of stolen property does not necessarily include culpability for the stealing of the property. The actual thief is guilty of a different crime."

¶24 The trial court attempted to limit restitution to those stolen items Ms. Griffith actually possessed and that were not recovered by the Linscotts. However, the evidence to support the identity of those items is so tenuous and speculative that it cannot support the restitution award. *See State v. Kinneman*, 155 Wn.2d 272, 285, 119 P.3d 350 (2005) (the statute precludes restitution for speculative loss); *State v. Johnson*, 69 Wn. App. 189, 192, 847 P.2d 960 (1993) (the phrase "other items belonging to" the victim does not describe the items stolen with enough specificity). In the absence of Ms. Griffith's specific agreement to pay restitution for the entire amount of the Linscotts' loss, she is responsible only for possession of stolen property that may be identified by a preponderance of the evidence. *Kinneman*, 155 Wn.2d at 285. Accordingly, I would vacate the order of restitution and remand to the trial court for determination of the loss that can be satisfactorily proved to be causally related to the offense committed by Ms. Griffith.