IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35643-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| DAVID MICHAEL ROMISH, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — Restitution is a penalty applicable to the crime of possession

of stolen property. But because possession of stolen property is different from the

underlying crime of theft, the scope of permissible restitution for mere possession is

generally more limited than it would be for theft. When it comes to a conviction for

unlawful possession of stolen property, the State must prove a specific connection

between the defendant's conduct and damage to property or other losses. The State is not

relieved of its burden simply because the property possessed by the defendant was stolen

recently.

David Romish pleaded guilty to possessing recently-stolen property. The State sought restitution for all losses associated with the property, including physical damage. There was no specific evidence of when Mr. Romish came into possession of the stolen property or when the damage occurred. Nevertheless, the State reasoned that one could infer Mr. Romish caused the damage based on the short time between the theft and when the stolen property was discovered in Mr. Romish's possession.

We reject the State's retrospective theory of causation. Without specific evidence that Mr. Romish's offense preceded the victim's losses, the trial court lacked authority to impose restitution for all of the victim's losses. The order of restitution is therefore reversed.

FACTS

On August 23, 2016, Mr. Romish was found in possession of a Bobcat front loader and other property that had been reported stolen a week earlier. Mr. Romish was charged with possession of stolen property and pleaded guilty. In his guilty plea statement, Mr. Romish admitted to knowingly possessing stolen property, but he denied altering the condition of any of the property in his possession. Mr. Romish also did not indicate when he came into possession of the stolen property.

At the July 13, 2017, plea and sentencing hearing, counsel for Mr. Romish agreed that restitution could be ordered if the State showed a causal connection between the damage to the Bobcat and Mr. Romish's possession of it, but expressed doubts that the State could establish such a connection. Defense counsel reiterated that Mr. Romish denied altering the condition of the Bobcat. Counsel also disputed the amount of claimed damages and requested a separate hearing on restitution.

A restitution hearing was held October 12, 2017, and the only witness to testify was the owner of the stolen property. The owner detailed the damage that had been sustained by the Bobcat as a result of the theft. He explained that the Bobcat had been repainted in a haphazard manner and that a taillight had been broken. Although there did not appear to be any functional damage, the owner had the Bobcat serviced, just to make sure. Receipts showed the service, repair and repainting costs totaled $4,897.42. In addition to having the Bobcat repaired and serviced, the owner testified he had to rent replacement equipment during the period that the Bobcat was unavailable for use in his excavation business. Rental fees were incurred not only for the period that the Bobcat was missing as stolen, but also for the time the Bobcat was out of commission for service and repairs. The total rental cost was $4,928.46.

On cross-examination, the property owner denied knowing who stole the Bobcat or who had repainted it. The owner testified that the paint on the Bobcat was neither fresh nor wet when it was recovered. And the property owner denied seeing any paint at the location where the Bobcat was recovered.

After the close of evidence, the trial court ordered Mr. Romish to pay restitution for all costs associated with the disappearance, repair and repainting of the Bobcat. The court recognized Mr. Romish had not been convicted of stealing the Bobcat. Nevertheless, the court reasoned it could find at least by a preponderance of the evidence that the damage to the Bobcat had occurred while it was in Mr. Romish's possession. The total amount of restitution was set at $9,825.88.

Mr. Romish appeals.

## ANALYSIS

A court's authority to impose restitution is derived entirely from statute. *State v. Griffith*, 164 Wn.2d 960, 965, 195 P.3d 506 (2008). On appeal, our initial step is to discern whether the type of restitution ordered by the trial court was authorized by statute. *See State v. Tobin*, 161 Wn.2d 517, 523-24, 166 P.3d 1167 (2007). The legal aspect of this inquiry involves de novo review. *State v. Acevedo*, 159 Wn. App. 221, 229-30, 248 P.3d 526 (2010). Underlying factual findings are reviewed for substantial evidence.

*Griffith*, 164 Wn.2d at 965. Restitution unauthorized by statute must be stricken. *Id*. at 967-68.

A trial court is authorized to impose restitution for "an offense which results in injury to any person or damage to or loss of property." RCW 9.94A.753(5). Our courts have interpreted this authorization to mean that there must be a causal connection between a victim's losses and the defendant's offense. *Griffith*, 164 Wn.2d at 965. "Losses are causally connected if, but for the charged crime, the victim would not have incurred the loss." *Id*. at 966. If a defendant challenges the restitution amount sought by the State, the State must prove causation and damages by a preponderance of the evidence. *State v. Kinneman*, 155 Wn.2d 272, 285, 119 P.3d 350 (2005). Only after a causal connection has been established does the sentencing court gain broad discretion to order restitution amounts within the statutory limits. *See State v. Tetters*, 81 Wn. App. 478, 481, 914 P.2d 784 (1996); RCW 9.94A.753(3).

The law of restitution relies on causation, and that reliance creates a distinction between theft and possession of stolen property. "'[C]ulpability for possession of stolen property does not necessarily include culpability for the stealing of the property. The actual thief is guilty of a different crime.'" *Griffith*, 164 Wn.2d at 967 (alteration in original) (quoting *State v. Griffith*, 136 Wn. App. 885, 894, 151 P.3d 230 (2007))

(Schultheis, J. dissenting).  A thief is responsible for all damages incurred in connection to the victim's loss of property, even if not individually caused by the thief or specifically foreseeable.  *Tobin*, 161 Wn.2d at 524 (foreseeability not required); *State v. Hiett*, 154 Wn.2d 560, 564, 115 P.3d 274 (2005) (Restitution damages for taking a motor vehicle without permission need not be caused by individual defendant.).  But a defendant convicted simply of possessing stolen property is only responsible for damage actually sustained during the course of his or her possession.  *Tetters*, 81 Wn. App. at 480-81.

When a defendant has been convicted of possessing—but not the theft of—stolen property, sentencing courts must ensure a true causal connection links the defendant's conduct to the victim's losses.  The mere fact that property was recently stolen does not permit inferring causation.  *Id.* (one week between theft of items from stolen vehicle and defendant's possession of vehicle was insufficient to establish basis for full restitution), *cited with approval in Hiett*, 154 Wn.2d at 565-66.  Instead, we require more specific evidence tying the defendant's conduct to the victim's losses.

No such evidence was presented in Mr. Romish's case.  The record indicates neither when Mr. Romish came to possess the Bobcat, nor when it was damaged.  Although the Bobcat was found in a barn at Mr. Romish's residence, there was no evidence of painting supplies or recent painting activities at that location.  Nor were there

shards of glass or plastic that might signify the tail light had been broken at Mr. Romish's residence. In addition, the paint on the Bobcat was not fresh. This suggests that at least some time had passed between the repainting of the Bobcat and the date of its recovery by law enforcement.

The evidence presented at the hearing does not link Mr. Romish's criminal conduct to many of the victim's claimed damages. No evidence was presented that might lead one to believe the Bobcat would not have been repainted or the taillight broken "but for" Mr. Romish's possession. *Acevedo*, 159 Wn. App. at 230-31. In like manner, there is no reason to think Mr. Romish's possession of the Bobcat was the "but for" cause of the victim's rental fee expenses prior to the offense conduct date of August 23, 2016. Given these circumstances, the order of restitution must be reversed. *Id.*

Although we reverse the trial court's restitution order, we recognize Mr. Romish should still be held accountable for some restitution. *See Griffith*, 164 Wn.2d at 967-68. There is sufficient causal connection between Mr. Romish's offense and at least a portion of the victim's damages. Most obviously, Mr. Romish can be held responsible for rental fees incurred on the date of his offense conduct, August 23, 2016. In addition, the record indicates the victim would have had the Bobcat serviced, regardless of how long it had been missing. Thus, there is a "but for" connection linking the service costs and related

rental fees to Mr. Romish's conduct.  *See Kinneman*, 155 Wn.2d at 287 (A victim's

compensable losses include investigative costs.).

We remand Mr. Romish's case for a new restitution hearing.  On remand, the trial

court has discretion to calculate the amount of restitution causally connected to Mr.

Romish's August 23, 2016, offense conduct date.  This would include service costs, rental

fees for the day the Bobcat was discovered in Mr. Romish's possession, and rental fees

for the period that the Bobcat was out of use for servicing.  But pursuant to the terms of

this opinion, restitution cannot include the costs of repainting the Bobcat or replacing the

taillight.  Also excluded are rental fees incurred prior to August 23 or for the period that

the Bobcat was out of use solely for repainting and repair of the tail light.  Because new

evidence on remand would conflict with the requirement that restitution be set within 180

days after sentencing, RCW 9.94A.753(1), the evidence considered by the court must be

limited to the existing record.[1]  *Griffith*, 164 Wn.2d at 968 n.6.

---

[1] Mr. Romish contends the trial court erroneously relied on a probable cause affidavit at his original restitution hearing.  Because the trial court's limited reliance on the probable cause affidavit is not relevant to the causation analysis set forth in this opinion, this claim is moot.  On remand, the court's assessment of the restitution amounts for servicing of the Bobcat and for post-offense rental fees will be limited to the existing record.

## CONCLUSION

We vacate the trial court's restitution order and remand this matter for a new restitution hearing, limited to the existing record.

_____, A.C.J.
Pennell, A.C.J.

I CONCUR:

_____
Siddoway, J.

No. 35643-4-III

KORSMO, J. (dissenting in part) — I believe it was within the trial judge's fact-finding authority to infer that Mr. Romish was responsible for the need to repaint the Bobcat and the other expenses associated with the defendant's possession of it. Most certainly, the restitution order was justified under the court's authority to double the victim's proven losses. Accordingly, I would affirm.

Trial courts have statutory authority to impose restitution on defendants convicted of a crime. RCW 9A.20.030(1) provides in part:

> If a person has gained money or property or caused a victim to lose money or property through the commission of a crime, upon conviction thereof . . . the court . . . may order the defendant to pay an amount, fixed by the court, not to exceed double the amount of the defendant's gain or victim's loss from the commission of a crime. Such amount may be used to provide restitution to the victim at the order of the court.

A court's decision respecting the amount of restitution is reviewed for abuse of discretion. *State v. Tobin*, 161 Wn.2d 517, 523, 166 P.3d 1167 (2007); *State v. Davison*, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991). Discretion is abused when it is exercised on

untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

The court shall order restitution "whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property." RCW 9.94A.753(5). In interpreting the restitution statutes, we must "recognize that they were intended to require the defendant to face the consequences of his or her criminal conduct." *Tobin*, 161 Wn.2d at 524. Accordingly, the court should not engage in an overly technical construction that would permit the defendant to escape from just punishment. *Id.* The legislature intended "to grant broad powers of restitution" to the trial court. *Davison*, 116 Wn.2d at 920.

Restitution must be established by a preponderance of the evidence. *State v. Kinneman*, 155 Wn.2d 272, 285, 119 P.3d 350 (2005). Evidence is sufficient to support a restitution order if it provides a reasonable basis, other than conjecture or speculation, to estimate the loss. *Id.; State v. Fleming*, 75 Wn. App. 270, 274-75, 877 P.2d 243 (1994). Restitution is not limited to cases where the damage computation is simple. *Kinneman*, 155 Wn.2d at 285. Since restitution is an aspect of the sentencing process, the Rules of Evidence do not apply. ER 1101(c)(3); *State v. Kisor*, 68 Wn. App. 610, 620, 844 P.2d 1038 (1993). Instead basic due process concerns govern this situation—whether the defendant had the opportunity to contest the evidence and whether the evidence was reasonably reliable. *Kisor*, 68 Wn. App. at 620.

2

No. 35643-4-III
*State v. Romish*—Dissent

Here, Mr. Romish had the ability to contest the restitution request and did so by cross-examining the Bobcat's owner, although he did not present any testimony of his own. He also did not challenge the prosecutor's incorporation of the affidavit of facts into the restitution hearing memorandum. The Bobcat was stolen in the early morning of August 16, 2016. Clerk's Papers at 1-4. Mr. Romish pleaded guilty to possessing the stolen Bobcat on August 23, 2016. The question before us is whether the trial court erred by inferring that the physical damages (painting and damaged taillight) occurred during the 14-16 hours that defendant admittedly possessed the Bobcat instead of during the 6 days when the Bobcat was stolen and/or possessed by persons unknown. I think the trial court was quite able to infer that the painting occurred during Mr. Romish's possession of the Bobcat and that he bears the responsibility for that expense. The Bobcat simply was not gone long enough that the court was required to believe someone else caused the damages; it was reasonable to conclude that Mr. Romish was the responsible party.

At a minimum, those costs, along with the rental costs that the majority is reversing, were well within the court's discretionary authority under the doubling provision of RCW 9A.20.030(1). For both of those reasons, I would affirm. The trial judge carefully and thoughtfully considered the case, and did so with all relevant statutory and due process concerns in mind. He rejected the restitution request that was not supported by any live testimony, while giving full restitution to the claim that was

3

No. 35643-4-III
*State v. Romish*—Dissent

supported, at least in part, by the victim's testimony. On this record, there simply was no abuse of discretion.

For the noted reasons, I respectfully dissent.

Korsmo, J.

4