IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 87544-2-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| G.S., | |
| Appellant. | |

BUI, J. — G.S. pleaded guilty to a variety of felonies and a gross misdemeanor crime of assault in the fourth degree. The court awarded restitution related to the assault's victim. On appeal, G.S. contends the medical bills do not contain sufficient and reliable information connecting the crime to the victim's losses. We affirm.

FACTS

G.S. pleaded guilty to six charges: attempted robbery in the second degree, felony harassment with threat to kill, assault in the fourth degree, two counts of possession of stolen vehicle, and attempted burglary in the second degree. In the plea statement, G.S. admitted to intentionally assaulting M.N. G.S. also admitted that the facts contained in the affidavit of probable cause served as the factual basis for the plea.

For the assault against M.N., the State sought restitution and submitted three medical bills describing the services M.N. received while at Swedish Edmonds Hospital's Emergency Department. The trial court considered the

1

medical bills along with the information contained in the affidavit of probable cause and ordered restitution for the same amount reflected in the medical bills.

G.S. timely appealed the restitution order.[1]

ANALYSIS

The authority to impose restitution in a juvenile case is controlled by statute. State v. Hiett, 154 Wn.2d 560, 563, 115 P.3d 274 (2005). The relevant portion of Juvenile Justice Act (JJA) (ch. 13.40 RCW) provides that "the court shall require the respondent to make restitution to any persons who have suffered loss or damage as a result of the offense committed by the respondent." RCW 13.40.190(1)(a). The sentencing court "has discretion to determine the amount, terms and conditions of the restitution." State v. Bennett, 63 Wn. App. 530, 532, 821 P.2d 499 (1991). We review restitution orders for abuse of discretion. Bennett, at 533.

Restitution awards "must be based on a causal relationship between the offense charged and proved and the victim's losses or damages." State v. Keigan C., 120 Wn. App. 604, 607, 86 P.3d 798 (2004). Restitution is appropriate for damages that were a foreseeable consequence of a defendant's criminal acts. State v. Tetters, 81 Wn. App. 478, 914 P.2d 784 (1996). The victim need only present evidence that " 'affords a reasonable basis for establishing the loss and does not subject the trier of fact to mere speculation or conjecture.' " Bennett, 63 Wn. App. at 535 (quoting State v. Horner, 53 Wn. App. 806, 808, 770 P.2d 1056 (1989)).

---

[1] The State filed a cross-appeal, seeking review of the restitution order but it raised no counter-assignments of error in its brief and thus abandoned the cross-appeal.

2

G.S. asserts the trial court erred in relying on hearsay and unauthenticated facts contained in the medical bills. We disagree.

As an initial matter, the rules of evidence do not apply at restitution hearings. ER 1101(c)(3); State v. Kisor, 68 Wn. App. 610, 620, 844 P.2d 1038 (1993). Evidence at a restitution hearing "must meet due process requirements, such as providing the defendant with an opportunity to refute the evidence presented, and being reasonably reliable." Kisor, 68 Wn. App at 620. "[T]he amount of restitution must be established with 'substantial credible evidence' which 'does not subject the trier of fact to mere speculation or conjecture.' " Kisor, 68 Wn. App at 620 (quoting State v. Fambrough, 66 Wn. App. 223, 225, 831 P.2d 789 (1992)).

Here, the record contained substantial credible evidence to afford a reasonable basis for restitution. According to the affidavit of probable cause, on February 22, 2023, around 5:16 p.m., G.S. and M.N. were among a group of juveniles at a shopping mall, a disagreement ensued, and the group went outside the mall. G.S. picked M.N. off his feet and slammed M.N. to the concrete ground. While M.N. was on the ground, G.S. punched and kicked M.N. When an aid crew arrived, they tended to M.N.'s head and shoulders.

According to the medical bills, M.N. received services that included "X-Ray exam of shoulder, [and] unilat[eral] ribs/chest", "CT head/brain", and "CT neck spine". These services were provided at "Swedish Edmonds Hospital ER" on the same date of the assault. The bill for these radiation services totals $217.60. The second medical bill was for the "EMERGENCY DEPT. VISIT", for $359.17. The

third and final bill was for "emergency room", "radiology-diagnostic" and "CT scan", totaling $1,809.40. All three medical bills identified the "patient" by M.N.'s full name, and identified the date of service as the date of the assault on February 22, 2023.

Based on this record before us, G.S.'s argument that there was no causal connection between the medical expenses and the assault is unavailing. G.S. relies on State v. Hahn, 100 Wn. App. 391, 996 P.2d 1125 (2000), but it does not help his argument. In Hahn, the evidence lacked sufficient connection between the victim's specific treatment to their injuries, the total service cost differed from the amount claimed by the Washington State Department of Social and Health Services, and the service dates were removed in time from the date of the crime. Hahn, 100 Wn. App. at 399-400.

In contrast, in this case, the medical services were provided on the same date of the assault. The services of x-rays and imaging of the head, chest, and rib area were for areas of the body associated with M.N. being lifted from his feet and thrown to a concrete surface and then punched and kicked. Moreover, these were the same body parts that M.N. complained about to law enforcement and the aid crew when they responded to the assault. Thus, the trial court did not abuse its discretion in ordering restitution.

We affirm.

WE CONCUR:

_Bui, J._

_Feldman, J._

_Díaz, J._