# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 71333-7-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH HARVEY ADEE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: March 9, 2015 |
| | ) | |

VERELLEN, A.C.J. — Evidence is sufficient to support a restitution order to pay expenses incurred for injuries causally connected to the crime when, as here, documentation establishes that the expenses incurred were for injuries sustained on the date of the charged incident. Additionally, evidence is sufficient to establish a causal connection between the injury and the crime of resisting arrest when, as here, the injury was sustained during an altercation with police who were attempting to apprehend and arrest the defendant. Accordingly, we affirm.

## FACTS

On July 27, 2012, police responded to 911 calls from Laura and Bruce Adee, who reported that their 36-year-old son, Kenneth Adee, was "out of control," destroying property in the home and sending them text messages threatening physical harm. On the last 911 call, Bruce[1] stated that he heard his son threaten to get his gun and then

---

[1] To avoid confusion, we refer to the parents by first name.

saw him walk back to a truck. Bruce told the 911 operator that he believed his son might have been going to retrieve a gun from the truck.

Officer Chet Decker and another officer responded to the 911 calls and went to the Adees' home. Upon arrival, the officers saw Adee in a truck and attempted to block it. Adee then got out of the truck and began to run toward the house. The officers chased him to prevent him from going into the home. Decker grabbed Adee's shoulder and ordered him to the ground. Adee refused and turned around in a fighting stance with a balled fist. Both officers struggled with Adee, who refused to put his hands behind his back. During the struggle, Decker broke his left hand. Adee then spit in Decker's face.

The State charged Adee with felony cyberstalking, third degree malicious mischief, and third degree assault. As a result of a plea agreement, Adee pleaded guilty to misdemeanor harassment and resisting arrest. The court imposed a 12-month deferred sentence with several conditions, including restitution.

The State sought restitution on behalf of the City of Seattle's Workers' Compensation Unit for medical expenses and wage loss incurred as a result of Officer Decker's injury to his hand. On November 26, 2013, the court held a restitution hearing. The prosecutor submitted a presentence packet that included the certification for determination of probable cause, the statement of defendant on plea of guilty, the plea agreement, correspondence from the victim assistance unit of the King County Prosecuting Attorney's Office, and documentation from the City of Seattle Workers' Compensation Unit of Decker's lost wages and payments for Decker's medical bills.

Adee requested a continuance to present additional evidence, including a declaration from Adee's father and the in-car video of Adee's arrest. Adee contended that there was a factual dispute about whether Decker's injury was causally connected to the crime. The court denied the continuance but accepted and considered Adee's offer of proof and found that a causal connection existed between the crime and the injuries. The court entered an order of restitution to the City of Seattle's Worker's Compensation Unit in the amount of $12,851.70 for medical expenses and lost wages due to Decker's hand injury.

Adee appeals.

## ANALYSIS

Adee contends that the State's documentation was insufficient to support the restitution order. Alternatively, he argues that the trial court erred by failing to grant him a continuance to challenge the sufficiency of the State's evidence and present additional evidence. We disagree.

"'[I]mposition of restitution is generally within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion."[2] Restitution must be based on easily ascertainable damages, but the amount of harm need not be established with specific accuracy.[3] Evidence is sufficient to support an award of restitution if it provides a reasonable basis for estimating loss and does not require the

---

[2] State v. Enstone, 137 Wn.2d 675, 679, 974 P.2d 828 (1999) (emphasis omitted) (quoting State v. Davison, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991)).

[3] State v. Kinneman, 155 Wn.2d 272, 285, 119 P.3d 350 (2005).

trier of fact to rely on mere speculation or conjecture.[4] The State must prove damages by a preponderance of the evidence.[5]

Restitution may be ordered only for losses that are causally connected to the crimes charged.[6] Losses are causally connected if "but for" the crime of which the defendant was convicted, the victim would not have incurred the loss.[7] Restitution is not limited to only victims of the charged crime but may be awarded to any person who has suffered a loss as a result of the crime.[8]

Adee first contends that the Workers' Compensation Unit documentation does not sufficiently link the amount of wage loss or medical expenditures to Decker's specific injury. We disagree.

The certification for determination of probable cause established that Decker broke his left hand during the struggle to arrest Adee on July 27, 2012.[9] Correspondence from the Victim's Assistance Unit refers to the Workers' Compensation Unit's claims for wage loss and medical costs incurred as a result of Decker's involvement in the July 27, 2012 incident and includes attachments of documentation supporting the claims.[10] The medical documentation consists of a summary of medical

---

[4] Id.

[5] State v. Deskins, 180 Wn.2d 68, 82, 322 P.3d 780 (2014).

[6] State v. Tobin, 161 Wn.2d 517, 524, 166 P.3d 1167 (2007).

[7] State v. Thomas, 138 Wn. App 78, 82, 155 P.3d 998 (2007).

[8] State v. Mark, 36 Wn. App. 428, 432-33, 675 P.2d 1250 (1984).

[9] See Clerk's Papers at 5 ("Officers struggled with Kenneth as he refused to put his hands behind his back and resisted arrest. Officer Decker's left hand was broken during this altercation.").

[10] See Clerk's Papers at 85 ("Attached you will find an Order Setting Restitution and documentation supporting claim of loss. City of Seattle Workers' Compensation Unit requests restitution of $13,184.32 ($3,817.78 + $9,366.54) in medical expenses

treatment listing providers and dates of treatment from July 28, 2012 through September 17, 2012, an itemized bill from Northwest Hospital describing treatment on July 28, 2012 for Decker's broken hand, and health insurance claim forms that itemized medical treatment for Decker from July 28, 2012 through September 17, 2012, referencing a July 28, 2012 injury. The payment history documentation consists of a summary of Decker's payment history from July 28, 2102 through May 28, 2013 and shows wage loss payments to Decker from July 31, 2012 through September 25, 2012.

The trial court did not err by finding that a preponderance of the evidence established a causal connection between the documentation supporting the restitution amount and Decker's injury. The documentation provided by the State shows that the restitution amount was for treatment Decker received for injuries he sustained as a result of the July 27 incident involving Adee's arrest. As the court found:

> [I]n this case what I have is the event was on July 27th, okay? The examination at the hospital for the hand is on July 28, the next day. And the loss of work begins on July 31st, and it's pretty continuous from then until Officer Decker goes back to work. All the bills I have here, to the extent they're itemized, are clearly bills that related to the treatment for the hand. And then I have the request for restitution from the City according to VA[U] for medical expenses and time losses paid on behalf of Officer Chet Decker incurred as a result of the incident on July 27th, 2012. And so, given the closeness in time of the loss of time and the medical treatment here, it's pretty obvious there was only one hand injury at issue and it was the hand injury that was recorded in the Certificate for Determination of Probable Cause and apparently on the in-car video as well.[11]

---

($3,817.78) and time losses ($9,366.54) paid on behalf of Officer Check Decker, incurred as a result of the incident on 7/27/12."); Clerk's Papers at 86 ("Per your request, we have attached an updated history list for the above referenced claim. The City paid $3,817.78 in medical and $9,366.54 in wage loss benefits.").

[11] Report of Proceedings (RP) (Nov. 26, 2013) at 14-15. There was an additional entry in the payment history documentation for November 20, 2012, but the court found that, unlike the other dates that corresponded to the medical treatment dates, there was

Adee's reliance on State v. Dennis is misplaced.[12] In fact, Dennis supports the trial court's findings. In Dennis, the State sought restitution for two police officers' injuries.[13] The State submitted a letter from the Victim Assistance Unit averring that both officers were treated at Northwest Hospital for their injuries and that Seattle Workers' Compensation Unit paid specific amounts on each officer's claim.[14] The State also presented a letter from a Workers' Compensation claim specialist noting the date of injury for one of the officers and Workers' Compensation payment history reports for that officer showing an unpaid balance for the amount paid to Northwest hospital.[15] The sentencing court ordered restitution for both officers for the amounts paid on their claims for injuries that were treated at the hospital.[16]

On appeal, the court held that the State established the required causal connection between the injuries and the assault for only one of the officers.[17] The court first noted that the documents did not indicate why medical services were provided to the officers. But the court also acknowledged that both the Victim Assistance Unit letter and the certification for determination of probable cause stated that the officers were treated at the hospital for their injuries and that the additional Workers' Compensation Unit documentation referenced the amount paid to the hospital for one officer and a

---

no supporting documentation indicating that this date was related to Decker's July 27 injury. Thus, the court did not include that payment in the restitution amount.

[12] 101 Wn. App. 223, 6 P.3d 1173 (2000).

[13] Id. at 227.

[14] Id. at 228.

[15] Id.

[16] Id. at 226.

[17] Id. at 228.

date of injury that corresponded with the date of the assault.[18] Thus, the court held that the State established the required causal connection for that officer's injuries. But because the evidence only indicated that the other officer was treated at the hospital for injuries sustained on an unknown date, it was insufficient to establish a causal connection between these injuries and the crime.[19]

Here, the State submitted similar documentation approved in Dennis as sufficient to establish a causal connection between Decker's injuries and the resisting arrest incident. As detailed above, the documentation provided by the State shows that the restitution amount was for treatment Decker received for injuries he sustained as a result of the July 27 incident involving Adee's arrest. The trial court properly found that the evidence established a causal connection between Decker's injuries and the crime.

Adee further contends that the trial court erred by denying him an opportunity to challenge the State's evidence and disprove a causal connection between Decker's injuries and the charged crime. We disagree.

We first note that, as the parties acknowledge, the sentencing court and the parties mistakenly believed that the 180-day time period in RCW 9.94A.753 for restitution in felony cases applied here, even though this was a misdemeanor offense. Nonetheless, we may affirm the trial court on any basis supported by the record.[20] While Adee contends that this erroneous assumption led the court to deny him a continuance to challenge the State's evidence, the record indicates that the court also

---

[18] Id.

[19] Id.

[20] State v. Marks, 95 Wn. App. 537, 540, 977 P.2d 606 (1999).

did so based on its finding that the undisputed facts established the required causal connection.

The court found:

> I'm going to point out that we have some agreed facts in this case that no amount of declarations or testimony by anybody are really going to get past. Once guilt is established in a criminal matter and facts are agreed to, there is no escaping those. So this is really isn't a case like many of the restitution case where there's agreement on some facts but then there's a request for restitution based on things that the State didn't actually have at issue in the underlying matter.[21]

The court referred to the certification for determination of probable cause, which indicated that when Adee's parents called the police they were in fear of Adee because he threatened bodily harm, police struggled with Adee when they attempted to apprehend him, and Decker's hand was broken during the altercation:

> Officers feared Kenneth [Adee] had a gun and chased him and tried to prevent from entering the house to act on his threats. Officer Decker grabbed onto Kenneth's shoulder and ordered him to the ground. Kenneth refused directions, turned around with a balled up fist and bladed stance and appeared as if he wanted to fight with [o]fficers. Officers struggled with Kenneth as he refused to put his hands behind his back and resisted arrest. Officer Decker's left hand was broken during this altercation.[22]

The court also referred to Adee's statement on plea of guilty where he stipulated to the facts in the certification for determination of probable cause and in the prosecutor's summary for purposes of sentencing, and admitted that

> I did threaten Laurie Adee with bodily injury, and she was in reasonable fear of injury. On the same day I intentionally attempted to prevent Seattle police from lawfully arresting me. I sent Laurie Adee text messages threatening bodily harm. I attempted to pull away from Officer Decker while he was arresting me.[23]

---

[21] RP (Nov. 26, 2013) at 10-11.

[22] Clerk's Papers at 5.

[23] Clerk's Papers at 58.

The court then concluded:

> So, we have, to my way of thinking, a causal connection between the event Mr. Adee pled guilty to, resisting arrest, and the injury the [o]fficer suffered here, which is the injury to his hand. And, I cannot parse, nor would I parse, an event by looking at every moment of the effort to arrest to determine whether the [o]fficer, in the Court's view, was more or less aggressive than he should have been in arresting the Defendant. The [o]fficer was injured in the course of trying to arrest the Defendant; that's undisputed. And the crime for which the Defendant pled guilty is [r]esisting [a]rrest. End of —end of story for me on causal connection that that's, to my way of thinking, most definitely a preponderance of the evidence.[24]

Adee made an offer of proof of evidence that would establish that "the punching started before any reaction by Mr. Adee" and "whether or not the punching was related to his resisting [arrest]."[25] But the court found that such facts did not change the fact that the injury occurred during the incident leading to the arrest, reiterating:

> I won't segregate the event moment by moment in that sort of kaleidoscopic way. I understand that's the way Mr. Adee sees it, and the-- that's the way his folks see it. In fact, in their view the officers were too aggressive from the get-go. And, that's your argument, too. But, what I'm saying to you is what I have here is a lawful arrest from everything I have before me. I have lots of reasons for apprehension by the officers rolling up based on what everybody agrees was being said to the parents and what they were relaying on the 911 call. And so, whether the [o]fficer broke his hand right off the bat by punching or whether he broke his hand because of Mr. Adee flailing about when they were trying to cuff him doesn't matter. It's all part of the arrest, and it's all part of the resisting, and there's a big causal connection there.[26]

A continuance for Adee to present this additional evidence was therefore unnecessary.

Based on these facts, the trial court properly found that a preponderance of the

---

[24] RP (Nov. 26, 2013) at 12-13.

[25] Id. at 13.

[26] Id. at 13-14.

evidence established that, but for Adee's actions that resulted in his arrest and conviction, Decker's hand would not have been injured.

Finally, Adee contends that the court misapplied the legal standard for causation in fact in restitution cases. He contends that the sentencing court erred by concluding that there was a causal connection because Decker's injury occurred before he committed the crime of resisting arrest. We disagree.

Adee cites case law holding that a causal connection does not exist if the damage or loss occurred before the act constituting the crime and points to his offer of proof suggesting that the punching occurred before he actually resisted arrest.[27] But as the trial court correctly found, the crime of resisting arrest here encompassed more than Adee's resistance to putting his arms behind his back while the officers attempted to handcuff him. Rather, it included all of his actions from the time that the officers attempted to apprehend him.

Resisting arrest occurs when a person "intentionally prevents or attempts to prevent a peace officer from lawfully arresting him or her."[28] In order to arrest Adee, Decker had to take him to the ground to secure his compliance, which was precisely when Decker injured his hand. Unlike in Acevedo, where the claimed damage occurred to property before the defendant unlawfully possessed it,[29] or in Woods, where property loss from a stolen car occurred before the defendant's unlawful possession of the car,[30]

---

[27] State v. Acevedo, 159 Wn. App. 221, 248 P.3d 526 (2010); State v. Woods, 90 Wn. App. 904, 953 P.2d 834 (1998).

[28] RCW 9A.76.040.

[29] 159 Wn. App. at 230-31.

[30] 90 Wn. App. at 908.

the struggle between Adee and Decker that resulted in the injury occurred during the attempt to arrest Adee. The trial court properly applied the legal standard for causation.

We affirm.

WE CONCUR: